STATE OF NEVADA, APPELLANT v. TOM NAZZIE PLAS, RESPONDENT.

No. 4721

May 6, 1964                                     391 P.2d 867

*Harvey Dickerson,* Attorney General, *Theodore H. Stokes,* District Attorney, and *J. MacArthur Wright,* Deputy District Attorney, Ormsby County, for Appellant.

*Carl F. Martillaro,* of Carson City, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is an appeal by the state in a habeas corpus proceeding from an order discharging respondent from custody.

Respondent stopped his automobile for a vehicle check by a police officer. When he was unable to produce the legal registration of the vehicle he drove it to the police station at the request of the officer. There, within 20 minutes after commencement of his questioning by the officer, he gave a written and signed consent to the officer to search his automobile. The search revealed an automatic pistol under the seat. Respondent thereupon was charged with the crime of possession of a firearm by a person convicted of a felony. NRS 202.360(2).

At the preliminary hearing, respondent moved to exclude or suppress the evidence consisting of the pistol on the ground that it was obtained by an illegal search and seizure. The motion was denied and defendant bound over for trial in the district court. This proceeding for habeas corpus followed.

We have consistently held in this state that in the absence of evidence legally sufficient to indicate that an offense has been committed and that there is sufficient cause to believe the accused guilty thereof, he should not be bound over for trial in the district court. In such a case an accused is entitled to be discharged from custody under a writ of habeas corpus. Ex parte Hutchinson, 76 Nev. 478, 357 P.2d 589; Ervin v. Leypoldt, 76 Nev. 297, 352 P.2d 718; Eureka County Bank Habeas Corpus Cases, 35 Nev. 80, 126 P. 655, 129 P. 308.

It is conceded that in the absence of the evidence obtained upon the search of the automobile, the committing magistrate would be without authority to bind respondent over for trial.

Whether in a particular case an apparent consent to a search without a warrant was voluntarily given is a question of fact. So far as appears from the record the respondent, without any force or coercion on the part of the officer who was questioning him, freely consented to the search of his automobile which disclosed the evidence he since has claimed was illegally obtained. In fact respondent admits that no actual threat was made to induce the consent. Under the facts of this case, a

254

holding that as a matter of law respondent's consent was given because of an unlawful assertion of authority by the officer would be unjustified. People v. Burke, 47 Cal.2d 45, 301 P.2d 241.

Although searches and seizures made without a proper warrant are often to be regarded as unreasonable and in violation of the federal constitution, the obtaining of the warrant may be waived by the individual; he may give his consent to the search and seizure. Such waiver and consent, freely and intelligently given, converts a search and seizure which otherwise would be unlawful into a lawful search and seizure. United States v. Mitchell, 322 U.S. 65; Brainard v. United States, D.C.Cir., 220 F.2d 384; Judd v. United States, D.C.Cir., 190 F.2d 649. The mere fact that the consent was given while respondent was in the custody of a police officer does not render the consent involuntary. United States v. Mitchell, supra.

Sufficient legal evidence having been presented at the preliminary hearing to make it appear that a public offense had been committed and that there was sufficient cause to believe the respondent guilty thereof, he was properly bound over for trial.

Reversed.

BADT, C. J., and THOMPSON, J., concur.