Robert Eugene WEED, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 7889.

United States Court of Appeals
Tenth Circuit.

Jan. 29, 1965.

John M. Nelson, Oklahoma City, Okl.,
for appellant.

Thomas E. Joyce, Asst. U. S. Atty.
(Newell A. George, U. S. Atty., on the
brief), for appellee.

Before LEWIS, BREITENSTEIN
and HILL, Circuit Judges.

LEWIS, Circuit Judge.

This is a direct appeal taken from judgments of conviction entered in the District of Kansas after trial to a jury upon a two-count information charging violations of the Dyer Act, 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle, and 15 U.S.C. § 902(e), interstate transportation of firearms by one who has been convicted of a crime punishable by more than one year's imprisonment. Appellant was sentenced to five years upon each count, the sentences to run consecutively. Contention is made that the conviction upon Count 1 (Dyer Act) was premised upon the perjured testimony of a government witness, known to be so by the government, and that the conviction under Count 2 was invalid because of the admission into evidence of the subject firearms after they were obtained through an illegal search and seizure. The contention pertaining to Count 1 is but a bald and totally unsupported allegation and is thus without merit. The contentions pertaining to Count 2 require consideration probing the correctness of the trial court's finding that the firearms were obtained through a consent search. The firearms were found during a search of an automobile made by state and federal officers without a warrant. A motion to suppress the evidence under Rule 41(e), Fed.R.Crim. P., was made and supplemental objections were made during the trial to the admission of the evidence.

On December 13, 1963, appellant and three companions were driving upon the streets of Kansas City, Kansas, in a 1960 Chevrolet automobile. Kansas police, exhibiting drawn pistols and a riot gun, stopped the car, ordered the occupants to get out, arrested [1] them for vagrancy and car theft, and then searched their persons. One of the arresting officers asked appellant about a 1963 Cadillac parked about one and one half blocks away from the arrest scene, and appellant answered that the car was his. The officer's testimony of the ensuing events is as follows:

"Q. And did you ask him for the keys to the Cadillac?

"A. I did, sir.

"Q. And did he produce them?

"A. He asked if I had a warrant. I told him no. And a few minutes later he did produce the keys, sir.

"Q. All right. And what was said about a warrant?

"A. * * * When I asked if he minded if we searched his car he asked if I had a warrant. He was informed I did not and I told him we would tow the car into police custody and then get permission to search the Cadillac.

"Q. What were his words when you asked to get permission to search the Cadillac?

"A. Just handed the keys to Detective Wait to search the Cadillac."

The Cadillac was immediately searched but nothing of importance was found. This car was then impounded and later that day it was again searched, without warrant, by state and federal agents participating in what was termed by the officers to be a dual or cooperative search. This second search revealed the subject firearms secreted in the car seat and the arms were seized by the federal officer.

Appellate review of the trial court's finding that the firearms were seized in a search voluntarily consented to by appellant is subject to the limitations of the clearly erroneous rule, Villano v. United States, 10 Cir., 310 F.2d 680, and such finding will not be lightly upset by this court. But close scrutiny of such a determinative issue is required to assure protection of constitutional rights and to aid in the promulgation of uniform constitutional privileges. See Note, Effective Consent to Search and Seizure, 113

[1]. The arrest was made as a result of a telephone call to the police by a resident of Kansas City, Kansas, who observed appellant and his companions parking a 1960 Mercury, which was later proven to be stolen, in front of his home and driving off in a 1963 Cadillac. The 1960 Chevrolet accompanied the Cadillac.

U.Pa.L.Rev. 260 (Dec.1964). The elements of consent to an otherwise illegal search are familiar in broad aspect, Villano v. United States, supra; Wion v. United States, 10 Cir., 325 F.2d 420, cert. denied, 377 U.S. 946, 84 S.Ct. 1354, 12 L.Ed.2d 309. Suffice it to state that every reasonable presumption is against an accused's waiver of his constitutional rights, particularly when he is in custody, and the consent must be "specific," "unequivocal," and "freely and intelligently given." But ever-changing circumstances defy easy and uniform application of accepted principles. Particular words of consent must always be weighed in light of the atmosphere and totality of circumstance in which they are spoken in order to determine the intent and voluntariness of the words.

■■ In the case at bar, appellant's surrender of the Cadillac keys occurred while he was in custody, after he had been told upon his inquiry that the arresting officers had no warrant but could get one if necessary,[2] and during a period of dramatic excitement of drawn guns. We have no hesitancy in holding that under these circumstances the alleged consent was not "freely and intelligently given." And while it is not necessary to decide the issue here, we know of no rule allowing federal officers to participate in a "dual" or "cooperative" search with state officers under the authority of consent given to the state officers. This court has several times held that federal officers may not search as an incident to a lawful state arrest. Simpson v. United States, 10 Cir., No. 7427, January Term 1965, filed January 19, 1965; Sirimarco v. United States, 10 Cir., 315 F.2d 699, cert. denied, 374 U.S. 807, 83 S.Ct. 1696, 10 L.Ed.2d 1032.

■ The government finally contends that since appellant did not claim a possessory or proprietary interest in the seized firearms, he has no standing to object to the method by which they were seized. However, appellant did claim such interest in the Cadillac: he stated that it was his at the time of his arrest, and in fact it was a rented automobile which appellant possessed, apparently lawfully. If the constitutional right against unreasonable searches and seizures were as narrow as the government contends, it would furnish no protection whatsoever.

We hold that appellant's consent was not voluntarily given, that the trial court's finding in such regard is clearly erroneous, and that the evidence and fruits thereof disclosed by the search should not have been admitted into evidence.

The judgment of conviction on Count 1 is affirmed; the conviction on Count 2 is reversed and the case remanded for proceedings consistent herewith.

United States, 6 Cir., 5 F.2d 673; Simmons v. Bomar, M.D.Tenn., 230 F.Supp. 226; United States v. Haas, W.D.Pa., 106 F.2d 295.

---

**2.** That such an alternative allows freedom of choice is at least suspect. Compare, United States v. Baldocci, S.D. Cal., 42 F.2d 567, with, Gatterdam v.