LLOYD ALVIN McINTOSH, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 5801

February 24, 1970                     466 P.2d 656

*Vargas, Bartlett & Dixon* and *Melvin Brunetti,* of Reno, for Appellant.

*Harvey Dickerson,* Attorney General, *William J. Raggio,* District Attorney, *Virgil D. Dutt,* and *Kathleen M. Wall,* Deputy District Attorneys, Washoe County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

Appellant was convicted of the offense of Receiving Stolen Goods, a felony. He appeals from that judgment and from an order denying his motion to suppress certain items of evidence. We affirm the conviction.

On January 14, 1968, at approximately 3:00 a.m., Officer Lea was on patrol in a Sparks residential area. He observed a sedan with the trunk lid open, but the lights off, parked in front

of a residence on Xman Way. The house and porch lights were on.

The officer observed appellant emerge from the house carrying a round, brown suitcase, place it in the trunk, close the lid, enter the car and drive off. The officer, suspecting a house burglary, radioed for help and followed appellant's car. Appellant was stopped by the two officers a short distance away.

Appellant, who stopped readily when signaled by the officer, produced a valid Alaska driver's license, stated he was moving to Reno, that he had been in Alaska and Nebraska prior to moving to Nevada, and had been living with a friend for three weeks in the house on Xman Way. He stated the auto was borrowed from the friend. These statements were later confirmed.

Appellant was not placed under arrest for either a felony relating to the suspected burglary or misdemeanor relating to the auto at the time he was stopped. The officer had no warrants either for the arrest of appellant or search of the car. He was not advised of any rights relating to counsel nor the search of the car or suitcase.

The critical event in this case has to do with a search by the officers of the suitcase seen placed in the trunk of the car by appellant. There is conflicting testimony on the consent issue. There can be no doubt appellant gave the officers permission to look into the trunk of the car. He opened it for them. The problem arises in connection with consent to look into the suitcase. Officer Lea testified that he asked appellant what he had in the trunk of the car and, "Do you have any objection if we see it at this time?" Appellant answered, "There is nothing in there but my wife's clothing, but if you would like to see it, okay." Appellant denied at the preliminary hearing, on the motion to suppress, and during trial that he gave the officers consent to look into the suitcase.

In any event, the officers opened the suitcase and there found two new items of female clothing, both with whole tags from Gray Reid's Department Store attached. The officers, suspecting the items might have been stolen, asked appellant to follow them to the police station, which he did. At the station, a security officer from Gray Reid's was called. He checked the tags and indicated the clothing was probably stolen because tags of that type were normally torn in half when the merchandise was sold. Appellant was placed under arrest for investigation of receiving stolen property.

At the trial, a clerk from Gray Reid's Department Store in Carson City was allowed to testify over objection that she had shown the garments to appellant a few days before; that she

had not sold them to him; that there was no record of them being sold, and that they were missing from the store.

Prior to trial, appellant brought a motion to suppress the garments as evidence on the ground they were obtained as a result of an unlawful search and seizure and appellant had not consented to the search. The motion was denied then and again later when renewed at trial on the ground that consent had been given to search the trunk of the auto and that included consent to search the suitcase. The judge also stated he believed the officers instead of appellant on the disputed testimony whether consent was given to search the suitcase.

1.   Obviously, the search of the suitcase was not incident to a valid arerst, and if it is to be upheld it must depend upon appellant's consent. Consent for the search must be freely and voluntarily given by the individual. Proof of the voluntariness is a question of fact. State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964). The State bears the burden of proving consent by "[c]lear and persuasive evidence." Thurlow v. State, 81 Nev. 510, 515, 406 P.2d 918 (1965). Accord Judd v. United States, 190 F.2d 649 (D.C. Cir. 1951), which held that consent "must be proved by clear and positive testimony." Id. at 651. A showing must be made that it is unequivocal and specific. However, the mere fact that the consent was given while in the custody of a police officer does not render the consent involuntary. State v. Plas, supra, citing United States v. Mitchell, 322 U.S. 65 (1944).

We conclude consent for the search was proven by clear and convincing evidence and justified admission of the garments into evidence. Thurlow v. State, supra; Wren v. United States, 352 F.2d 617 (1965); see also Bumper v. North Carolina, 391 U.S. 543 (1968).

2.   Appellant next urges as error that the trial court allowed in evidence his admissions and confessions relating to his possession of the stolen property prior to proof of the corpus delicti of the crime. So long as there was sufficient evidence to establish the corpus delicti independent of confessions and possible admissions, the order of proof is subject to the sound discretion of the trial court. Azbill v. State, 84 Nev. 345, 440 P.2d 1014 (1968). See also Witkin, California Criminal Procedure § 432 (1963).

3. Other errors were urged, but they have no merit.
Conviction affirmed.

ZENOFF, BATJER, MOWBRAY, and THOMPSON, JJ., concur.