JESSE JEREMIAH LEE, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 6240

November 25, 1970                    477 P.2d 157

---

*Robert G. Legakes,* Public Defender, and *Robert Archie,* Deputy Public Defender, Clark County, for Appellant.

*Harvey Dickerson,* Attorney General, State of Nevada, and *George E. Franklin, Jr.,* District Attorney, Clark County, for Respondent.

## OPINION

By the Court, COLLINS, C. J.:

This is an appeal from a conviction for possession of dangerous drugs. We affirm the conviction.

On the night of July 27, 1969, Deputy Sheriff August Knudsen of the Clark County Sheriff's Office and Patrolman Alvin Anglen of the Nevada Highway Patrol observed an automobile strike a telephone pole. Both officers went immediately to the assistance of the two occupants. When Officer Anglen arrived at the wrecked auto, appellant was sitting behind the steering wheel. The other person, whose mouth was badly injured, was sitting in the open door on the passenger side of the vehicle. Officer Anglen observed appellant alight from the driver's seat and approach his injured companion on the opposite side of the car. He saw the companion take some pills or capsules from his shirt pocket and hand them to appellant. Appellant Lee then walked to a nearby house and asked the woman owner for a drink of water. Unknown to Lee he was followed by Officer Anglen, who, while Lee was inside the house getting a drink of water, observed Lee take off his shoes and place reddish capsules in each shoe. Lee did not observe the officer in the house watching him until he turned to depart. The officer testified Lee appeared nervous.

When Lee and Officer Anglen returned to the wrecked car, Officer Anglen told Deputy Sheriff Knudsen what he had observed. At that point, Knudsen approached Lee and asked him to remove his shoes. Lee complied with the request without verbal or other objection, and inside the shoes were found the capsules which proved to contain seconal, a narcotic drug. He was found guilty of possessing dangerous drugs, a violation of NRS 454.220 and 454.395, and appeals this conviction.

Lee contends that the conviction is constitutionally infirm, since it rests upon the reception of evidence secured in violation of the Fourth Amendment to the United States Constitution prohibiting unlawful searches and seizures.

Admittedly, Lee was not placed under arrest prior to seizure of the capsules, and if the seizure and admission into evidence of the contraband is constitutionally permissible it must be sustained on the basis of Lee's voluntary consent to the search. The lower court so ruled, and we affirm.

1.    Lee's peaceable submission to the request of the officer to be searched must amount to the intelligent and intentional waiver of a constitutional right. Thurlow v. State, 81 Nev. 510, 406 P.2d 918 (1965). Proof of voluntariness is a question of fact, State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964), and must be proven by clear and convincing evidence, McIntosh v. State, 86 Nev. 133, 466 P.2d 656 (1970), and the mere fact it was given while in the custody of a police officer (or here the presence, because Lee was not yet placed under arrest) does not render the consent involuntary. State v. Plas, supra; McIntosh v. State, supra.

2.    The circumstances preceding and surrounding the search and seizure do not indicate that force or threat of force, either physical or psychological, was exerted by either officer upon Lee, State v. King, 209 A.2d 110 (N.J. 1965), nor was there any indication or testimony that Lee resisted or objected, either verbally or physically, to the request of Officer Knudsen to remove his shoes. This amounts to affirmative assistance on his part and may be considered on the question of voluntariness of consent to waiver of a constitutional right. United States v. Smith, 308 F.2d 657 (2d Cir. 1962).

Silence, where there is a duty to speak or act, can amount to intelligent waiver of a constitutional right. Here, there is not the slightest evidence of discernible resistence to the officer's

request nor claim or assertion of a constitutional right by Lee objecting to the search or seizure.

The conviction is affirmed.

ZENOFF, BATJER, and MOWBRAY, JJ., concur.

THOMPSON, J., dissenting:

Today, this court holds that one waives his constitutional right to be protected against an unreasonable seizure by peacefully and silently submitting to the request of a law enforcement officer. The peaceful, silent acquiescence is construed to be a consent. This holding is contrary to Thurlow v. State, 81 Nev. 510, 406 P.2d 918 (1965). We there ruled that peaceful submission to the request of an officer was not a consent and could not be considered an intelligent waiver of a constitutional right. Id. at 515. Moreover, today's decision annihilates established doctrine that the State must prove consent by clear and persuasive evidence. Consent may be given orally (McIntosh v. State, 86 Nev. 133, 466 P.2d 656 (1970)) or in written form (State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964)), but should not be found to exist when neither is present. Here, from a silent record, the court finds a waiver of a constitutional right when we don't know whether Lee was aware that he possessed that right or whether he simply was afraid to assert it. This is not consonant with basic constitutional doctrine.

When the officer requested Lee to remove his shoes, that request carried an implied coercion. Amos v. United States, 255 U.S. 313 (1921). Lee succumbed to authority. Most people would do the same unless notified of their right to refuse. Lee was not under arrest nor did the officer have reason to arrest him at that juncture. The officer possessed no warrants for arrest or search. There is nothing to suggest that the officer was in danger, or thought that he was. He was present to investigate an accident. The right to privacy does not yield to the right to seize where there is no warrant, no arrest; only silent submission to authority.