ALPHONZO SPARKMAN, Jr., Appellant, v. THE STATE OF NEVADA, Respondent.

No. 6751

December 15, 1972                    504 P.2d 8

from the director of juvenile services specifically setting forth the reasons for such dismissal; and within 15 days of the date of such request he shall be furnished such a written statement.

"2. Within 30 days after receipt of such written statement, request, in writing, a public hearing before the probation committee. The probation committee shall adopt rules for the conduct of such hearing.

"3. Appeal the decision of the probation committee to the board or boards of county commissioners."

*Morgan D. Harris,* Public Defender, and *Jerrold J. Court-ney,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, of Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellant was convicted of selling narcotics in violation of NRS 453.030 and NRS 453.210(2) and sentenced to a six year term in the state penitentiary.

In this appeal from the conviction and sentence his single assignment of error is that the trial judge improperly limited defense counsel in his argument to the jury. The argument related to the state's burden of proof and the alleged error is based on the following colloquy.

PROSECUTOR: "Your Honor, I don't believe that is proper argument."

COURT: "No, it's not."

DEFENSE COUNSEL: "I'm just trying to explain the law, your Honor."

COURT: "The law has been explained to the jury."

The record fails to show that counsel for appellant made any objection or attempt to pursue the argument further. He does not contest the propriety or sufficiency of the "law" as given in the instructions. He cites no authority.

There is substantial evidence in support of the conviction, including appellant's testimony that he participated in the transaction. Even if we considered the statement of the trial judge erroneous, it was harmless, in the factual context presented. NRS 178.598, Schneble v. Florida, 405 U.S. 427

(1972). Cf. Shepp v. State, 87 Nev. 179, 484 P.2d 563 (1971).

The judgment is affirmed.