WARDEN, NEVADA STATE PRISON, APPELLANT, v. FRANK REINHART HAYES, RESPONDENT.

No. 7678

May 30, 1975                    535 P.2d 1282

Robert List, Attorney General; Michael E. Fondi, District Attorney, and Kenneth J. Jordan, Deputy District Attorney, Carson City, for Appellant.

Michael Farris, Incline Village, for Respondent.

## OPINION

Per Curiam:

Frank Reinhart Hayes arrived in Carson City about 6:30 p.m., December 23, 1968, to visit his mother and stepfather, a Mr. & Mrs. Newcomb. Shortly thereafter the three people went to a local casino for "gambling, dinner and drinking."

About midnight the Newcombs left Hayes at the casino and returned to their residence.

At 3:02 a.m. a police officer, responding to a silent alarm, observed Hayes perpetrating an armed robbery at a local motel. The officer was not then able to apprehend Hayes; however, in the ensuing investigation police officers followed the only visible tracks in fresh snow from the motel to a nearby duplex, one side of which turned out to be the Newcomb residence. Mrs. Newcomb, having been awakened by the conversations outside the house, came to the porch; inquired regarding the purpose of the activity; and, after learning they were seeking a robbery suspect, agreed to the officers' request to look in the basement, where Hayes was found crouching under a bed with a gun. The gun was later identified as being the same size and calibre as the one used in the robbery.

Hayes, wearing only a pair of trousers, was arrested and given the warning required by Miranda v. Arizona, 384 U.S. 436 (1966). A police officer testified that after the arrest he asked Mrs. Newcomb if he could search the house for the remainder of the clothes Hayes had been wearing; that she consented that he could do so; that she guided him to a room and pointed out the clothes Hayes had been wearing earlier in the evening. The officer said that he "took up all the clothes that were lying there and brought them to the police station."

At the trial, Mrs. Newcomb testified that her son "was standing at the bottom of the steps with nothing but his pants on and the cops asked me for his clothes." She also testified that she had gathered up Hayes' clothes and shoes and handed them to the police officer.

Hayes was convicted of robbery, by jury verdict, February 7, 1969, and sentenced to a 10 year term in the State Prison. No appeal was taken.

During trial the articles of clothing were admitted in evidence, without objection, and there was no pretrial motion to suppress the clothes, as contemplated by NRS 174.125(1).

After being incarcerated Hayes petitioned for post-conviction relief, contending, *inter alia,* for the first time that the articles of clothing were illegally seized in violation of his rights. The thrust of his argument in support of this contention is that it was constitutionally impermissible for the police to take the clothes without a search warrant because the state did not prove by clear and convincing evidence that his mother's consent to search for the clothes was given voluntarily.[1]

---

[1] The petition for post-conviction relief contained other issues which were not considered by the trial court and are not here considered.

The district judge, concluding that our opinion in Lightford v. State, 90 Nev. 136, 520 P.2d 955 (1974), was factually identical to the instant case, decided "[t]he voluntariness of the consent to the search of the mother's premises was not proved by clear and convincing evidence," and "that the imprisonment of Hayes is improper and that he should forthwith be released from imprisonment." We stayed the trial court order pending this appeal.

The district judge misconstrued *Lightford* which, factually, is entirely different from the instant case. There, police officers who had been following Lightford's car, made the arrest pursuant to a warrant, when Lightford stopped and stepped out of the car. The ensuing personal search and seizure of contraband was within the guidelines delineated in United States v. Robinson, 414 U.S. 218 (1973), and Gustafson v. Florida, 414 U.S. 260 (1973).

Thereafter, the officers went to Lightford's residence and made a warrantless search, which we held invalid because his "consent" was given only after one of the officers had "threatened to kick in the door if Lightford refused them admission." 90 Nev. at 138, 520 P.2d at 956. Such "consent" was tainted by the coercive threat of the officer, 90 Nev. at 139, 520 P.2d at 957.

Although the testimony of Mrs. Newcomb and the police officer differs in some respects as to how the clothes were obtained by the police, the version of neither witness can be construed to suggest there was a "coercive threat."

"Voluntariness is a question of fact to be determined from all the circumstances," Schneckloth v. Bustamonte, 412 U.S. 218, 248–249 (1973), and in our view, the totality of this record establishes that the state met its burden of showing the consent given by Mrs. Newcomb was voluntary. See United States v. Matlock, 415 U.S. 164 (1974). Cf. Varner v. State, 90 Nev. 6, 518 P.2d 43 (1974).

The order granting the petition for post-conviction relief is reversed.