An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL PAUL DAVIDSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64380

FILED

MAY 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of trafficking in a controlled substance. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

Appellant Michael Paul Davidson contends that the district court erred by denying his motion to suppress the controlled substances underlying his conviction because they were discovered after an unconstitutional search and seizure.[1] When reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000).

The district court conducted an evidentiary hearing on the motion, wherein Davidson, the arresting police officer, and other witnesses testified. The district court determined that Davidson's detention was reasonable because, among other things, he had been seen leaving the site

---

[1]The parties agree that Davidson reserved the right to appeal the district court's resolution of his motion in his guilty plea agreement. *See* NRS 174.035(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-15370

of a reported domestic disturbance, acted unusually nervous, continually reached his hands into his pockets despite admonitions not to do so, and had mannerisms consistent with those of a person under the influence of drugs. *See* NRS 171.123; *Hiibel v. Sixth Judicial Dist. Court of Nev., Humboldt Cnty.*, 542 U.S. 177, 185 (2004) ("[A] law enforcement officer's reasonable suspicion that a person may be involved in criminal activity permits the officer to stop the person for a brief time and take additional steps to investigate further."). The district court found credible the arresting officer's testimony that Davidson consented to a search and concluded that the consent was voluntary given the totality of the circumstances. *See McMorran v. State*, 118 Nev. 379, 383, 46 P.3d 81, 84 (2002); *McIntosh v. State*, 86 Nev. 133, 136, 466 P.2d 656, 658 (1970). Because the record supports these determinations, we conclude that the district court did not err by denying Davidson's motion, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Alvin R. Kacin, District Judge
David D. Loreman
Attorney General/Carson City
Elko County District Attorney
Elko County Clerk