**Charles H. PARROTT, Petitioner,**

v.

**STATE OF ARKANSAS, Respondent.**

**Civ. No. FS-73-C-38.**

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Oct. 24, 1973.

Richard Shaw, of Shaw & Ledbetter, Fort Smith, Ark., for petitioner.

Walter A. Murray, Asst. Atty. Gen. of Ark., for respondent.

### MEMORANDUM OPINION

PAUL X WILLIAMS, District Judge.

On August 21, 1973, this court permitted the petitioner, Charles H. Parrott, to file the present proceeding *in forma pauperis*, he being at the time a prisoner at the United States Penitentiary, Leavenworth, Kansas, subject to a

detainer lodged with the Leavenworth authorities by the respondent. The state conviction underlying the detainer action is challenged by petitioner. Petitioner contends that his conviction is invalid becaue he was denied:

(1) Trial by an impartial and indifferent jury

(2) The opportunity to confront and cross-examine witnesses against him.

The Honorable Richard Shaw was appointed by the court and accepted appointment to represent the petitioner. 18 U.S.C. 3006A(g).

On September 15, 1973, the matter was heard by the court in Fort Smith, Arkansas, the petitioner appearing in person and by his attorney—the State of Arkansas appearing by its Attorney General with the Honorable Walter A. Murray, Assistant Attorney General, appearing in person.

The petitioner and the Honorable W. H. Drew, Attorney of Lake Village, Arkansas, personally testified for the plaintiff.

■ The evidence disclosed that after the Circuit court conviction, petitioner, had a hearing on a motion for new trial. At said hearing W. H. Drew, attorney for the petitioner in the circuit court, testified that he heard officers make certain remarks within the hearing distance of some jurors. Mr. Drew didn't report this to the trial court until sometime after the conviction. At the hearing on the motion for new trial, all jurors were questioned and each said he or she heard no such comments and that said jurors based their decision upon the evidence presented before the Circuit Court. The transcript of the Arkansas Courts was in evidence. The evidence also disclosed the petitioner has filed no Arkansas Criminal Procedure Rule 1 proceeding in the Court of Arkansas and the Court therefore finds that petitioner has not exhausted State remedies, as is required in a 2254 proceeding such as this.

However, the petitioner is "in custody" and fairness to all concerned requires that this court pass on petitioner's claim that his state court conviction is invalid. Petitioner's arguments are based upon the prejudicial manner in which his trial was conducted, the mingling of jurors with state witnesses and police officers during recess and the prejudicial statements made by police officers in the presence of jurors.

Although, petitioner states his grounds for relief differently than he did in the state court, the arguments are based on the same facts and were in fact decided by the Arkansas Supreme Court in Parrott v. State, 246 Ark. 672, 439 S. W.2d 924 (1969). The Arkansas Supreme Court denied any error as to improper conduct of the jury by stating:

"The trial court carefully considered the contention of jury misconduct contained in appellant's motion for new trial. . . . [W]e agree with the trial court that there was *no evidence of any misconduct* (emphasis ours) on the part of the jurors or any of the witnesses or other parties."

In discussing "misconduct" the Arkansas Supreme Court reviewed the evidence in the case thoroughly and found no prejudice to appellant because of the alleged misconduct.

In the opinion reported in 246 Ark. 672, 439 S.W.2d 924, each of the issues here complained of by the plaintiff was thoroughly considered and the action of the Circuit Court was affirmed.

28 U.S.C. 2254 provides that an application for a Writ of Habeas Corpus in behalf of a person in custody pursuant to the judgment of the State Court shall be entertained only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States and then only after all State remedies have been exhausted.

2254 further provides that the written opinions of the State Courts shall be presumed to be correct unless the applicant shall establish, or it shall otherwise appear, or the respondent admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the fact finding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

(4) that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding;

(5) that the applicant was an indigent and the State court, in deprivation of his constitutional right, failed to appoint counsel to represent him in the State court proceeding;

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding; or

(7) that the applicant was otherwise denied due process of law in the State court proceeding;

(8) or unless that part of the record of the State court proceeding in which the determination of such factual issue was made, pertinent to a determination of the sufficiency of the evidence to support such factual determination, is produced as provided for hereinafter, and the Federal court on a consideration of such part of the record as a whole concludes that such factual determination is not fairly supported by the record:

And in an evidentiary hearing in the proceeding in the Federal court, when due proof of such factual determination has been made, unless the existence of one or more of the circumstances respectively set forth in paragraphs numbered (1) to (7), inclusive, is shown by the applicant, otherwise appears, or is admitted by the respondent, or unless the court concludes pursuant to the provisions of paragraph numbered (8) that the record in the State court proceeding, considered as a whole, does not fairly support such factual determination, the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous.

The proof in this court substantiates the statutory presumption that the plaintiff was afforded a full, fair, and adequate hearing in the State court proceedings and that the State court determinations are fairly supported by the record.

This court has considered the matter of the jury being impartial and indifferent, and that there was no opportunity to confront and cross-examine witnesses against him and doth find said contentions to be without merit.

In the case at bar, there was an adequate trial, an adequate hearing on the motion for new trial, an adequate review by the Arkansas Supreme Court and in addition there has been a full hearing in this court. We find no proof that petitioner's state conviction is in violation of the constitution or laws or treaties of this United States.

Plaintiff's petition should be dismissed.