## DUANE VARNER, Appellant, v. STATE OF NEVADA, Respondent.

No. 6961

January 16, 1974                    518 P.2d 43

*Halley and Halley,* of Reno, for Appellant.

· *Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy, Washoe County, for Respondent.

# OPINION

*Per Curiam:*

Convicted of two counts of forgery and two counts of uttering a forged instrument, appellant contends several rulings of the district court were erroneous.

First, appellant contends his Fourth Amendment rights were violated by police who, with his parents' consent, searched the room he occupied in his parents' home, and there seized several items, one a check protector which was received in evidence at his trial. Although appellant claims to have been a tenant there, with sole right of control over the room he commonly occupied, cf. Stoner v. California, 376 U.S. 483 (1964), the record warrants a determination that he was merely a guest at the sufferance of his parents, who retained full right of control over the subject premises.

Appellant also contends his Fourth Amendment rights were violated by the admission of evidence found in his vehicle, because voluntariness of his consent to search was not shown by clear and persuasive evidence, cf. McIntosh v. State, 86 Nev. 133, 466 P.2d 656 (1970). "Voluntariness is a question of fact to be determined from all the circumstances," Schneckloth v. Bustamonte, 412 U.S. 218, at 248–49 (1973), and the record supports the trial court's determination that appellant's consent was in fact voluntarily given.

Appellant further assigns as error the admission of a photographic identification display, which he claims was suggestive and denied him due process of law. This photographic identification pertained to an alleged accomplice who was not a defendant in the present action, and we believe appellant has failed to demonstrate that he was in any way prejudiced by the display.

Appellant's next proffered assignment of error concerns the identification of documents before the jury which were not formally offered as evidence until after both sides rested their

cases, and which were then held inadmissible. The record reflects that respondent's counsel examined witnesses concerning such evidence, without objection from appellant's then counsel, after which appellant's then counsel cross-examined concerning the documents. It appears that to the extent the jury came to know the nature of these exhibits, notwithstanding their subsequent exclusion, that knowledge must have been derived as much from the questions propounded by appellant's counsel, as from any of the deputy district attorney's questions, to which no objections were lodged in any event. We consider these circumstances totally unlike those in State v. Sorenson, 73 Nev. 218, 315 P.2d 508 (1957), upon which appellant relies.

Appellant's remaining assignments of error are also without merit.

Affirmed.