Charles H. PARROTT, Appellant,

v.

STATE OF ARKANSAS, Appellee.

No. 73–1836.

United States Court of Appeals,
Eighth Circuit.

Submitted April 16, 1974.

Decided June 20, 1974.

James L. Crabtree, Kansas City, Mo., for appellant.

Walter A. Murray, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and SMITH, Senior District Judge.*

HEANEY, Circuit Judge.

The issue on this appeal is whether the District Court erred in denying Charles H. Parrott's petition for a writ

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

of habeas corpus. The petition alleged that Parrott had been denied a fair and impartial trial in an Arkansas state court proceeding.

Parrott is currently serving a sentence in the United States Penitentiary at Leavenworth, Kansas, pursuant to a federal conviction. The State of Arkansas filed a detainer against the petitioner requesting that upon his release from federal custody, he be returned to the State of Arkansas to serve a twelve-year state sentence imposed pursuant to the conviction he challenged in the District Court.

Parrott was convicted on July 9, 1968, of armed bank robbery after a jury trial in the Circuit Court of Sebastian County, Arkansas (Greenwood District). The trial was conducted in the cafeteria of a Greenwood, Arkansas school building rather than in the Greenwood Courthouse, because the latter building had been destroyed by a tornado some time prior to the dates of trial. A motion for a new trial, based on allegations of jury misconduct, was filed by the petitioner on July 12, 1968.[1] The motion alleged, in substance, that:

(1) the county prosecutor made arrangements for jurors to lunch at a community recreation center on the two days of the trial;

(2) two prosecution witnesses, Nina Dunn and Connie Ford, were observed talking to jurors during recesses;

(3) jurors were permitted to mingle freely with witnesses for the prosecution prior to trial and during recesses; and

(4) law enforcement officers mingled with jurors and discussed Parrott's reputation in tones loud enough to be overheard by the jurors.

On July 28, 1968, the Arkansas trial court held a hearing on the motion. It denied the motion.

The petitioner's conviction was affirmed by the Arkansas Supreme Court. It stated:

[Parrott] also asserts that he was prevented from having a fair trial because of "courtesies extended to the jury by the prosecuting attorney, which amounted to undue influence" upon the jury. This argument is directed to the fact that the prosecuting attorney arranged a place for the jurors to eat during the trial. We find no merit in this argument. The town of Greenwood had recently been almost destroyed by a tornado. There was no public eating place available. Nearby was the Greenwood Recreation Hall. These facilities were made available upon inquiry by the prosecuting attorney and the jurors were transported there for lunch on two separate days in the company of the bailiffs. This was done only after the trial court carefully inquired if there were any objections to this procedure and none were voiced. There is no showing whatsoever that the jurors, under these circumstances, were in any manner influenced by this procedure.

[Parrott] contends that he was prevented from having a fair trial because of the mingling of the witnesses and numerous law enforcement officials among the jurors during recesses of the trial proceedings. The courthouse had been totally destroyed by the tornado and the trial was held in an improvised courtroom in the cafeteria of a school building. The "band room" was used as a witness room since witnesses were placed under "the rule." The trial court carefully considered the contention of jury misconduct contained in [Parrott's] motion for a new trial. The testimony of the jurors was taken on this issue and we agree with the trial court that there was no evidence of any mis-

---

1. No objection or motion for a mistrial was made to the trial court concerning these allegations either before or during trial. We choose, however, to dispose of the issues on their merits. For cases holding that such objections or mistrial motions must be made to permit reversal on appeal, see, Annot., 9 A.L.R.3d 1275, 1283–1284 (1966).

conduct on the part of the jurors or any of the witnesses or other parties. Parrott v. State, 246 Ark. 672, 439 S.W. 2d 924, 928 (1969).

On April 3, 1973, Parrott filed his petition for a writ of habeas corpus in the District Court. He reiterated the claims of error asserted in the state courts, and additionally alleged that the trial was held in an inadequate facility and in a carnival atmosphere.

The District Court conducted an evidentiary hearing and denied relief to the petitioner. Parrott v. State of Arkansas, 365 F.Supp. 915 (W.D.Ark.1973).

■ On this appeal, Parrott again raises the issues raised in the state courts and those raised for the first time in the District Court.[2] We affirm the denial of relief by the District Court.

■ The Supreme Court of Arkansas and the District Court properly held that the arrangements made by the county prosecutor for the jurors to lunch at the community recreation center were not prejudicial to Parrott. The reasons given by the Arkansas Supreme Court for so holding are sound and are adopted by this Court.

■ The Supreme Court of Arkansas and the District Court properly held that Parrott was not denied a fair trial by virtue of conversations between prosecution witnesses, Nina Dunn and Connie Ford, and one or more jurors. They also correctly held that contacts between other prosecution witnesses and jurors prior to trial and during recesses were not such as to deprive Parrott of a fair trial.

In a criminal case, any private communication, contact, or tampering directly or indirectly, with a juror during a trial about the matter pending before the jury is, for obvious reasons, deemed presumptively prejudi-

cial, if not made in pursuance of known rules of the court and the instructions and directions of the court made during the trial, with full knowledge of the parties. The presumption is not conclusive, but the burden rests heavily upon the Government to establish, after notice to and hearing of the defendant, that such contact with the juror was harmless to the defendant. Mattox v. United States, 146 U.S. 140, 148–150, 13 S.Ct. 50, 52–53, 36 L.Ed. 917, 920, 921; Wheaton v. United States (C.A.8th S. D.) 133 F.2d 522, 527

Remmer v. United States, 347 U.S. 227, 229, 74 S.Ct. 450, 451, 98 L.Ed. 654 (1954).

Here, there is no showing that either Nina Dunn or Connie Ford talked to the jurors about the matter pending before the jury. The jurors were called as witnesses at the hearing on the motion for a new trial and all denied that they had discussed the case with either Nina Dunn or Connie Ford. The jurors further testified that the contacts were casual and involved nothing more than exchange of greetings. Dunn and Ford were present in the courtroom at the time of the hearing on the motion for a new trial, and neither was called by Parrott to contradict the statements of the jurors.

■ We are also convinced the state courts and the District Court properly held that Parrott is not entitled to a reversal of his conviction on the basis of his allegation that the jurors were permitted to mingle freely with witnesses for the prosecution prior to trial and during recesses. The record shows only that the jurors and the witnesses used the same restrooms, smoking areas and , coffee room during the recesses. There is no evidence indicating that there was any discussion of the case by the jurors and the witnesses during these or any

---

2. Parrott had not exhausted his state remedies with respect to the issues raised for the first time in the District Court. It would, therefore, have been inappropriate for the

District Court to have expressed an opinion on those matters. We express none here. Tyler v. Swenson, 483 F.2d 611, 614 (8th Cir. 1973).

other periods. To the contrary, the jurors testified that they did not discuss the case with anyone outside the jury room, and that their verdict was based solely on the evidence presented at trial. While contacts between jurors and witnesses are always to be discouraged, the brief encounters which took place here were properly found not to have contravened due process principles:

[Turner v. Louisiana, 379 U.S. 466, 85 S.Ct. 546, 13 L.Ed.2d 424 (1965)], of course, did not set down a rigid, per se rule automatically requiring the reversal of any conviction whenever any Government witness comes into any contact with the jury. The Court's opinion specifically indicated that association with the jury by a witness whose testimony was "confined to some uncontroverted or merely formal aspect of the case for the prosecution" would hardly present a constitutional problem. Id., 379 U.S., at 473, 85 S.Ct., at 550, 13 L.Ed.2d 429. And it indicated that a mere "brief encounter," by chance, with the jury would not generally contravene due process principles. Ibid. For, as pointed out in dissent today, certain chance contacts between witnesses and jury members, while passing in the hall or crowded together in an elevator, are often inevitable.

Gonzales v. Beto, 405 U.S. 1052, 1054–1055, 92 S.Ct. 1503, 1504, 31 L.Ed.2d 787 (1972) (Stewart, J., concurring).

█ █ Finally, we find no merit to Parrott's allegation that comments by law enforcement officers about Parrott's reputation in tones loud enough to be heard by the jurors constituted grounds for setting aside the conviction. A law enforcement officer's comments about a case to a juror during the course of a trial are, of course, presumptively prejudicial and serve as the basis of overturning a conviction unless rebutted by the government. *See*, Remmer v. United States, *supra* at 229; Mee v. United States, 316 F.2d 467, 469 (8th Cir. 1963), cert. denied, 377 U.S. 997, 84 S.

Ct. 1923, 12 L.Ed.2d 1049 (1964). *See also*, 5 Wharton's Criminal Law and Procedure § 2121 (Anderson ed. 1957). But here, there was a question of fact as to whether or not the comments were overheard or even made, and the state court and District Court resolved the factual issue against Parrott. This was permissible under the record.

Affirmed.