**UNITED STATES of America, Appellee,**

v.

**Jack Andrew BRYAN, Appellant.**

**No. 75–2571.**

United States Court of Appeals,
Ninth Circuit.

April 22, 1976.

Samuel M. Robin (argued), of Levinson, Rowen, Miller, Jacobs & Kabrins, Beverly Hills, Cal., for appellant.

Stephen V. Petix, Asst. U. S. Atty. (argued), Terry J. Knoepp, U. S. Atty., James W. Meyers, Asst. U. S. Atty., San Diego, Cal., on the brief, for plaintiff-appellee.

## OPINION

Before ELY and TRASK, Circuit Judges, and VAN PELT,* District Judge.

PER CURIAM:

Bryan was convicted of having offered to bribe a Customs Inspector of the United States, a violation of 18 U.S.C. § 201(b). Urging reversal, Bryan presents five contentions in this court.

■ The first argument is that the trial judge erred in denying a motion for continuance, presented by Bryan on June 3, 1975. Bryan was arraigned on April 4, 1975 and was represented by counsel at the time. On April 28, 1975, the date of the trial was fixed for May 27, 1975. Thereafter, the trial date was continued for one week, and on June 3d, there occurred the denial of the motion that is here challenged. From these facts, including the rather extensive period of time that had elapsed between the time of Bryan's arraignment and the court's refusal again to continue the time for trial, we conclude that the trial judge did not abuse his discretion. On the contrary, it appears that, in respect to the time of trial, Bryan was treated with the utmost fairness. Cf. United States v. Harris, 501 F.2d 1 (9th Cir. 1974). There, we held that a district judge did not abuse his discretion in denying a motion for continuance, and as we compare the cases, it appears that there would have been more justification for the granting of the continuance in Harris than in the case before us now.

■ Two other arguments made by Bryan concern references during the trial to a prior conviction of Bryan and, also a prior arrest made of him on a charge of which he was acquitted. We think that the evidence of the prior conviction, since it was for an offense involving "dishonesty or false statement," was admissible for impeachment purposes under Fed.R.Evid. 609(a)(2). Assuming, arguendo, however, that the prosecution could not have initially offered the fact of conviction as evidence, Bryan is in no position here to complain. It was his counsel who, perhaps for some strategic purpose, first introduced the fact of the prior conviction into evidence. See Shorter v. United States, 412 F.2d 428, 431 (9th Cir.), cert. denied, 396 U.S. 970, 90 S.Ct. 454, 24 L.Ed.2d 436 (1969). The same answer applies to the injection into the record of Bryan's prior arrest. Evidence of such could not have been offered by the prosecution over objection, but it was the appellant who apparently revealed the fact of the prior arrest to the jury in the first instance. Cf. United States v. LeVison, 418 F.2d 624 (9th Cir. 1969). Moreover, and in any

---

* Honorable Robert Van Pelt, Senior United States District Judge, Lincoln, Nebraska, sitting by designation.

event, this bit of evidence, when viewed in the light of the whole record, was legally harmless to Bryan.

 Bryan's fourth argument concerns contact made between a juror and the prosecution's principal witness during the course of the trial. It appears that the offending juror approached the witness, asking the latter if he had been a lieutenant in the Navy, and if so, with what detachment he had served. During the brief conversation, the juror mentioned that he had once been a civil servant working for some kind of naval facility. After the circumstances had been made known to the district judge, the judge interviewed both the witness and the juror, arrived at the conclusion that the conversation between the two did not prejudice Bryan, and permitted the juror to continue with his responsibilities throughout the remainder of the trial. We think the trial judge would have been better advised to substitute an alternate juror, since such a juror was available. Nevertheless, the conversation between the juror and the witness was relatively innocuous, the trial judge found, after inquiry, that no prejudice to Bryan had been done, and we are not persuaded that the retention of the juror in these circumstances constituted such abuse of discretion as to require reversal. *Cf. Parrott v. Arkansas,* 497 F.2d 1123 (9th Cir. 1974).

Finally, Bryan, contending that the evidence was insufficient to support his conviction, argues that the evidence established, as a matter of law, that he was impermissibly entrapped. This contention is so devoid of merit that it warrants no discussion.

AFFIRMED.