JAMES MARTIN REESE, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10750

June 14, 1979                                    596 P.2d 212

*Robert E. Wolf,* Las Vegas, for Appellant.

*Richard H. Bryan,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Daniel Bowman,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, C. J.:

A jury found the appellant, James Martin Reese, guilty of rape and robbery with use of a deadly weapon.

He seeks reversal on several grounds that the trial judge erred in (1) admitting a jacket into evidence, (2) receiving evidence of other crimes, (3) rejecting Reese's alibi, and (4) not declaring a mistrial because a witness spoke to a juror. We deny all specifications of error and affirm.

## THE FACTS

The victim of the crime testified that Reese knocked on her front door. When she answered, he asked if "David" were home. Then he pushed the victim back into the house at knife point and proceeded to rape and rob her.

The victim gave the police a description of Reese and described his clothing including a jacket later found at his mother's home.

Two of Reese's acquaintances were standing outside next door when the crime occurred. They testified that they saw Reese leave the victim's house, and each described his clothing including the jacket.

Reese denied the commission of the crime and claimed that at the time in question he was on his way to visit his friend "David".

## THE JACKET

Appellant claims that the judge erred in not granting his motion to suppress the admission of the jacket seized during the course of a police search of the room he occupied in his parents' home, on the ground that his parents did not "willingly and knowingly" consent to the search. He argues that the state failed to show that appellant's parents were aware they had a right to refuse entry. This contention is meritless.

The United States Supreme Court has rejected the requirement that the state show that a person giving consent to a search has knowledge of his right to refuse. Schneckloth v. Bustamonte, 412 U.S. 218, 223–226 (1973). The test is rather "whether a consent to a search was in fact 'voluntary' or was the product of duress or coercion, express or implied." Id. at 227.

This court has never indicated that a different standard should apply in this state, but is in accord with the rule that voluntariness is a question of fact to be determined from *all* the circumstances. Varner v. State, 90 Nev. 6, 518 P.2d 43 (1974). *Compare,* State v. Johnson, 346 A.2d 66 (N.J. 1975).

In this case, there was conflicting evidence as to the circumstances of the search presented by an officer and appellant's parents. The judge accepted the officer's testimony that, after several minutes' discussion of the nature of the accusations against their son, the parents consented to a search of their home. Any conflicts in such evidence are properly resolved by the trier of fact. *See* People v. James, 561 P.2d 1135 (Cal. 1977); Pickens v. State, 372 P.2d 618 (Okla.Crim.App. 1962). The record supports the trial court's determination that, under the circumstances, appellant's parents voluntarily consented to the search of their home, and, therefore, the determination is upheld. State v. Plas, 80 Nev. 251, 391 P.2d 867 (1964); Varner v. State, *supra;* Sparkman v. State, 95 Nev. 76, 590 P.2d 151 (1979).

## THE OTHER CRIMES

Reese argues that the trial court should have granted two motions for mistrial, on the ground that the probative value of certain evidence received relating to other crimes was outweighed by its prejudicial effect. Appellant relies upon the provision of NRS 48.035(1) that "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues or of misleading the jury." This determination "rests in the sound discretion of the trial court and will not be disturbed unless manifestly wrong." Anderson v. State, 92 Nev. 21, 23, 544 P.2d 1200 (1976). *Accord,* Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959).

The court did not err in admitting the evidence. State's witness Smith of the Las Vegas police testified that he had had "previous contacts" with the appellant and his brother. Appellant contends that this reference resulted in unfair prejudice because it suggested that he had committed other crimes. Not so. There was no description of or further reference to these contacts, or any indication that appellant had been charged with or suspected of committing any crime at all. The reference is too tenuous to have occasioned any prejudice to appellant. *See* Geary v. State, 91 Nev. 784, 544 P.2d 417 (1975); Founts v. State, 87 Nev. 165, 483 P.2d 654 (1971).

The second instance cited by Reese is the testimony by state's witness Saunders to the effect that appellant had offered him a bribe for favorable testimony.

The conduct of an accused which shows consciousness of guilt is admissible, even though it may in itself be criminal. Williams v. State, 85 Nev. 169, 451 P.2d 848, *cert. denied* 396 U.S. 916 (1969) (flight and wounding of police officer in gun fight). An attempt to bribe a witness or otherwise procure or fabricate false testimony is clearly within this category. *See e.g.,* People v. Moore, 160 P.2d 857 (Cal. 1945); State v. Rolfe, 444 P.2d 428 (Ida. 1968); State v. Ancheta, 145 P. 1086 (N.M. 1915); State v. Russell, 384 P.2d 334 (Wash. 1963). *See also* II Wigmore, *Evidence* § 278(2), at 123 (3d ed. 1940). *Cf.* Abram v. State, 95 Nev. 352, 594 P.2d 1143 (1979) (threat to witness). The testimony was admissible.

## THE ALIBI

Reese concedes that since he did not give notice of his intent to present an alibi defense at least ten days prior to trial, the trial court acted within its discretion in refusing to allow his alibi defense. NRS 174.087 (1) and (4).[1] Nevertheless he contends that the trial court abused its discretion, since the witnesses offered—appellant's parents—were known to the prosecution. Under the facts here presented, we find the contention meritless.

Appellant's counsel argued before the district court, as he does here, that, although he had been representing appellant for some months (including a previous mistrial on the instant case), he had "good cause" for not presenting his notice earlier because he did not learn until the day set for trial that appellant's parents wished to testify that appellant had been at home with them when the crimes were committed. Neither Reese nor

[1]NRS 174.087.

1. A defendant in a criminal case who intends to offer evidence of an alibi in his defense shall, not less than 10 days before trial or at such other time as the court may direct, file and serve upon the district attorney a written notice of his intention to claim such alibi, which notice shall contain specific information as to the place at which the defendant claims to have been at the time of the alleged offense and, as particularly as are known to defendant or his attorney, the names and addresses of the witnesses by whom he proposes to establish such alibi.

. . . .

4. If a defendant fails to file and serve a copy of such notice as herein required, the court may exclude evidence offered by such defendant for the purpose of proving an alibi, except the testimony of the defendant himself. If such notice is given by a defendant, the court may exclude the testimony of any witness offered by the defendant for the purpose of proving an alibi if the name and address of such witness, as particularly as is known to the defendant or his attorney, is not stated in such notice.

Reese's parents had ever offered this information before, nor did it conform with the testimony actually given by appellant.

As the United States Supreme Court has observed in upholding statutes allowing courts to prohibit such last minute alibi testimony by witnesses: "Given the ease with which an alibi can be fabricated, the State's interest in protecting itself against an eleventh-hour defense is both obvious and legitimate." Williams v. Florida, 399 U.S. 78, 81 (1970). This court has held that refusing to allow such testimony may constitute an abuse of discretion where "on the facts presented, requiring strict compliance with the statute would defeat the ends of justice and fair play which is the policy underlying the statute." Founts v. State, *supra,* 87 Nev. at 170, 483 P.2d at 657. This is not such a case, and the trial court's determination that no "good cause" existed for the last minute presentation of the alibi witnesses must be upheld.

## THE MISTRIAL

During a recess in the trial, it was called to the court's attention that state's witness Smith was seen conversing with a member of the jury. The judge then observed the situation himself and instructed the witness to sit elsewhere. Upon questioning, the witness stated that he had cautioned the juror that they could not discuss the trial or the persons involved, and that only unrelated topics had been discussed. Counsel for appellant elected not to have the court question the jurors. He moved for a mistrial upon the ground that such conversation was "prejudicial per se," regardless of the issue discussed.

Reese's contention that the trial court's denial of his motion constituted reversible error is without merit. While even such casual conversation is disapproved, the rule is that when it is shown to be unrelated to matters pending before the jury, a court does not abuse its discretion by refusing to declare a mistrial and dismiss a jury panel. *See, e.g.,* United States v. Khoury, 539 F.2d 441 (5th Cir. 1976), *cert. denied* 429 U.S. 1040 (1977); Parrott v. State of Arkansas, 497 F.2d 1123 (8th Cir. 1974); State v. Johnson, 396 P.2d 392 (Ariz. 1964); People v. Aguirre, 322 P.2d 478 (Cal.App. 1958); State v. Miles, 364 S.W.2d 532, 9 ALR3d 1266 (Mo. 1963); State v. McFerran, 459 P.2d 148 (N.M.App. 1969); Hayes v. State, 397 P.2d 524 (Okla.Crim.App. 1964); State v. Roden, 339 P.2d 438 (Or. 1959); Annot., 9 ALR3d 1275 (1966).

Appellant's conviction must be affirmed. No reversible error has been demonstrated with regard to the trial court's determination that the search of appellant's room was conducted with the voluntary consent of his parents; that evidence of "previous contacts" with a detective or an attempt to bribe a witness in the case were not unduly prejudicial to defendant; that no "good cause" existed justifying acceptance of appellant's last minute alibi defense; or that a conversation between a juror and a witness required a new trial.

Affirmed.

THOMPSON, GUNDERSON, MANOUKIAN, and BATJER, JJ., concur.