# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSEPH ANTONETTI, A/K/A JOSEPH ANTOINETTI, A/K/A JOSEPH GOZDZIEWICZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68312

FILED

JUN 15 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from judgments of the district court denying postconviction petitions for writs of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

A jury convicted appellant Joseph Antonetti of first-degree murder with the use of a deadly weapon for the death of Mary Amina, attempted murder with the use of a deadly weapon for the attempt on Daniel Stewart's life, and felon in possession of a firearm. The district court entered the judgment of conviction on February 27, 2004. This court affirmed the judgment of conviction. *Antonetti v. State*, Docket No. 42917 (Order of Affirmance, December 20, 2005). In a separate trial, a jury convicted Antonetti of the attempted murder of Suzanne Smith. The district court entered the judgment of conviction on July 22, 2004. This

---

[1]Appellant was initially represented by counsel in this appeal but he later moved to dismiss counsel and proceed pro se.

court affirmed the judgment of conviction. *Antonetti v. State,* Docket No. 43221 (Order of Affirmance, December 20, 2005).

Antonetti filed petitions and supplemental petitions challenging both judgments. Antonetti filed a timely pro se petition challenging the Amina/Stewart judgment on October 23, 2006. The district court appointed counsel and a supplemental petition was filed in 2009. Antonetti also filed a pro se petition challenging the Smith judgment in 2009. The district court denied that petition as successive, but this court reversed, concluding that the district court could not deny the petition as successive as it had not yet resolved an earlier petition (filed in 2006). *See Antonetti v. State,* Docket No. 53197 (Order of Reversal and Remand, June 5, 2009). Moreover, this court noted that the 2009 petition in the Smith case also challenged a different judgment of conviction than the 2006 petition. *Id.* at 3 n.4. Upon remand, counsel was appointed to represent Antonetti with respect to the petitions in both cases. After two substitutions of counsel, a supplemental petition was filed in 2014, which raised claims related to both cases. The district court denied the petitions on August 21, 2015. Antonetti contends that the district court erred.

*Petitions challenging the Amina/Stewart judgment*

### 2006 Petition

In the 2006 petition, Antonetti claimed that the State and district court erred in admitting evidence of the Smith shooting, the prosecution committed misconduct by commenting on Antonetti's failure to testify, the State failed to provide notice of the grand jury proceedings, and the State failed to disclose inducements offered to a witness. These

claims were previously rejected by this court on the merits, *see Antonetti v. State*, Docket No. 42917, Order at 2-11, and further consideration of them is barred, *see Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975) (explaining that reconsideration of claims denied on their merits is barred by the law-of-the-case doctrine).[2]

Antonetti also claimed the State improperly elicited hearsay testimony about an anonymous tip, the district court erred in not admitting bad act testimony about a State witness, and a sleeping juror deprived him of a fair trial. These claims are procedurally barred as they could have been raised in prior proceedings and Antonetti failed to demonstrate good cause for not raising these claims earlier. *See* NRS 34.810(1)(b)(3).

Next, Antonetti claimed that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to turn over evidence related to his possession of a handgun not used in the shooting. This claim is repelled by the record. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). As noted in Antonetti's petition, the State introduced evidence that, during Antonetti's arrest, officers recovered a weapon that was not the same caliber of weapon that was used in the shooting.

---

[2]Antonetti also claimed that this court failed to conduct adequate review of his direct appeal and misapprehended material facts related to his direct appeal. This argument was previously considered by this court, *see Antonetti v. State*, Docket No. 42917 (Order Denying Rehearing, February 14, 2006), and further consideration of it is barred, *see Hall*, 91 Nev. at 315-16, 535 P.2d at 798-99.

Antonetti also made several claims of ineffective assistance of trial and appellate counsel.[3] To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient in that it fell below an objective standard of reasonableness and that prejudice resulted in that there was a reasonable probability of a different outcome absent counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996) (applying *Strickland* to claims of ineffective assistance of appellate counsel). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697. For purposes of the deficiency prong, counsel is strongly presumed to have provided adequate assistance and exercised reasonable professional judgment in all significant decisions. *Id.* at 690. A petitioner is entitled to an evidentiary hearing when the claims asserted are more than bare allegations and are supported by specific factual allegations not belied or repelled by the record that, if true, would entitle the petitioner to relief. *See Nika v. State*, 124 Nev. 1272, 1300-01, 198 P.3d 839, 858 (2008).

First, Antonetti claimed that trial counsel was ineffective for failing to object to the prosecutor's reference to hearsay evidence during opening arguments. Antonetti failed to demonstrate that counsel acted

---

[3]To the extent that Antonetti raises these claims independent of a claim of ineffective assistance of trial or appellate counsel, these claims are procedurally barred pursuant to NRS 34.810(1)(b), and Antonetti failed to demonstrate good cause and actual prejudice.

unreasonably or that he was prejudiced because the prosecutor's statements properly referred to evidence the State intended to introduce at trial. *See Greene v. State*, 113 Nev. 157, 170, 931 P.2d 54, 62 (1997) ("A prosecutor has a duty to refrain from stating facts in opening statement that he [or she] cannot prove at trial."), *overruled on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000); *see also Garner v. State*, 78 Nev. 366, 371, 374 P.2d 525, 528 (1962) (noting that appellate courts rarely find error when prosecutor's statement about "certain proof, which is later rejected, will be offered"). Therefore, the district court did not err in denying this claim.

Second, Antonetti claimed that trial counsel should have presented evidence of his possession of a handgun that was not alleged to have been used in the shootings. We conclude that Antonetti failed to demonstrate that trial counsel acted unreasonably or that he was prejudiced because the fact that he had a different weapon at the time of his arrest, a week after the shooting, does not preclude his use of a different weapon earlier. Therefore, the district court did not err in denying this claim.

Third, Antonetti claimed that trial counsel should have investigated jail phone calls by Michael Bartoli, a witness for the State. We conclude that Antonetti fails to demonstrate that the district court erred in denying this claim because Antonetti did not describe what evidence counsel should have uncovered by examining Bartoli's recorded calls.

Fourth, Antonetti claimed that trial counsel should have sought a continuance to prepare for testimony about the Smith shooting

and his attempted escape. Antonetti, however, does not identify what further evidence counsel may have discovered and introduced had counsel sought a continuance. Therefore, he did not meet his burden of demonstrating that counsel's performance was deficient or that he was prejudiced. The district court thus did not err in denying this claim.

Fifth, Antonetti claimed that appellate counsel should have challenged the introduction of evidence about his escape attempt. We conclude that Antonetti failed to demonstrate deficient performance or prejudice because evidence that Antonetti attempted to escape custody was admissible to show his consciousness of guilt. *See Reese v. State*, 95 Nev. 419, 423, 596 P.2d 212, 215 (1979). Therefore, the district court did not err in denying this claim.

Sixth, Antonetti claimed that appellate counsel should have argued that the cumulative effect of erroneous evidentiary rulings and instances of prosecutorial misconduct warranted relief. Antonetti failed to demonstrate deficient performance or prejudice. Several of the trial errors underlying this claim were raised on appeal, but this court concluded they were harmless or did not constitute error. *See Antonetti*, Docket No. 42917, Order at 2-11. As to the remaining part of this claim, Antonetti merely listed the omitted errors without further argument about whether counsel's failure to raise them as cumulative error was unreasonable or explanation as to how the errors worked in conjunction to prejudice him. To that extent, we decline to consider this ineffective-assistance claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.3d 3, 6 (1987) (declining to consider claims not supported by cogent argument or relevant legal authority).

Seventh, Antonetti claimed that trial counsel failed to inform him of his right to testify before the grand jury pursuant to *Sheriff v. Marcum*, 105 Nev. 824, 783 P.2d 1389 (1989). Because Antonetti did not identify what evidence he intended to offer during grand jury proceedings that would have prevented his indictment, he failed to demonstrate prejudice. Therefore, the district court did not err in denying this claim.

Eighth, Antonetti contended that trial counsel failed to suppress evidence illegally seized from his vehicle. Antonetti failed to demonstrate that trial counsel neglected to pursue a meritorious motion to suppress evidence. Officers discovered Antonetti's vehicle while lawfully searching a home pursuant to the homeowner's consent. *See State v. Plas*, 80 Nev. 251, 254, 391 P.2d 867, 868 (1964) ("[A] waiver and consent, freely and intelligently given, converts a search and seizure which otherwise would be unlawful into a lawful search and seizure."). As he did not assert that the officers lacked probable cause to search the vehicle in which they found him, Antonetti has not pleaded sufficient facts to show that the search of his vehicle was unreasonable. *See State v. Lloyd*, 129 Nev. 739, 750, 312 P.3d 467, 474 (2013) (providing that police may search a readily mobile vehicle without a warrant so long as they have probable cause to do so). Therefore, the district court did not err in denying this claim.

Ninth, Antonetti claimed that trial counsel should have presented expert testimony on methamphetamine use as every eyewitness to the shooting had ingested methamphetamines. He also asserted counsel should have requested a special instruction on addict-witness testimony. We conclude that Antonetti failed to demonstrate that he was prejudiced by counsel's omissions. Although the witnesses had used

methamphetamine, their testimony was consistent that Antonetti shot the victims and was corroborated by the forensic evidence showing that the weapon used in the shooting had been used in an earlier shooting by Antonetti. Therefore, the district court did not err in denying this claim.

*September 2009 supplement*

In the 2009 supplemental petition, Antonetti argued trial counsel should have objected to lay opinion testimony during the Amina/Stewart trial about the coded slang Antonetti used in jail phone calls. Antonetti failed to demonstrate deficient performance or prejudice because trial counsel objected to the detective's testimony in which he defined some of the coded words Antonetti used in the conversations, the district court sustained the objection, the context of many of the coded calls indicates that the language refers to firearms or illicit items absent the opinion testimony, and there was sufficient evidence of Antonetti's guilt even without testimony about his recorded phone calls. Therefore, the district court did not err in denying this claim.[4]

*November 2014 supplement*

In his November 2014 supplemental petition, Antonetti first claimed that trial counsel should have subpoenaed Bartoli's phone calls sooner so that counsel could have used the contents of those calls to impeach Bartoli. Antonetti's claim does not describe the contents of the

---

[4]Antonetti also claimed in the 2006 petition that trial counsel should have objected to this testimony. We conclude that he failed to demonstrate that the district court erred in denying this claim for the reasons discussed above.

recorded phone calls or how they would undermine Bartoli's trial testimony. As such, he failed to demonstrate deficient performance or prejudice. *See Hargrove*, 100 Nev. at 502, 686 P.2d at 225. Therefore, the district court did not err in denying this claim.

Second, Antonetti claimed that trial counsel should have objected to Tiffany Amina's testimony identifying her sister, Mary, from an autopsy photograph. Antonetti failed to demonstrate deficient performance. The testimony was brief, was not objectionable, and was not unnecessarily cumulative. *See* NRS 48.035(2) (providing that relevant evidence may be excluded if its probative value is substantially outweighed by undue delay, waste of time or needless presentation of cumulative evidence). Therefore, the district court did not err in denying this claim.

Third, Antonetti claimed that counsel should have objected to the medical examiner's testimony because it violated *Crawford v. Washington*, 541 U.S. 36 (2004). We conclude that Antonetti failed to demonstrate that trial counsel acted deficiently for two reasons. First, *Crawford* was decided a year after the medical examiner testified at Antonetti's trial and counsel cannot be faulted for failing to anticipate the decision. *See Nika v. State*, 124 Nev. 1272, 1289, 198 P.3d 839, 851 (2008) ("[C]ounsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel even where the theory upon which the court's later decision is based is available, although the court had not yet decided the issue." (internal quotation marks omitted)). Second, while the witness described the evidence noted during the autopsy and noted the conclusions, he provided his own independent opinion based on the

injuries documented during the autopsy. This testimony did not violate the Confrontation Clause. *See Vega v. State*, 126 Nev. 332, 340, 236 P.3d 632, 638 (2010). Therefore, the district court did not err in denying this claim.

Fourth, Antonetti claimed that trial counsel should have objected, pursuant to *Crawford*, to the firearms examiner's testimony. We conclude that Antonetti failed to demonstrate that trial counsel acted deficiently. The firearm examiner's testimony described his own analysis and conclusions and did not describe the work of another expert. Therefore, the district court did not err in denying this claim.

Fifth, Antonetti claimed that the cumulative effect of counsel's errors warrants relief. As Antonetti failed to demonstrate any error, we conclude that no relief is warranted on this claim.

*Petitions challenging the Smith judgment*

*2008 Petition*

Antonetti filed a pro se petition for a writ of habeas corpus challenging his conviction stemming from the Smith shooting on September 23, 2008. The district court dismissed the petition as procedurally barred for failure to reference the 2006 petition in violation of NRS 34.810(4). This court reversed the district court order concluding that the petition was not successive because the 2006 petition challenged the Amina/Stewart judgment whereas the 2008 petition was the first petition challenging the Smith judgment. *Antonetti v. State*, Docket No. 53197 (Order of Reversal and Remand, June 5, 2009).

Antonetti filed his 2008 petition more than one year after the remittitur from his direct appeal issued on January 17, 2006. *Antonetti v.*

*State*, Docket No. 43221 (Order of Affirmance, December 20, 2005). Therefore, the petition was untimely filed and procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1).

First, Antonetti contends that the district court erred in failing to consider the ineffective assistance of postconviction counsel as good cause. He asserts that counsel had been appointed to represent him in both cases as of 2009 but had failed to file supplemental pleadings related to the 2008 petition. This argument lacks merit because the ineffective assistance of postconviction counsel is not good cause where, as here, the appointment of counsel in postconviction proceedings was not statutorily or constitutionally required. *See Crump v. Warden*, 113 Nev. 293, 303, 934 P.2d 247, 253 (1997); *McKague v. Warden*, 112 Nev. 159, 164, 912 P.2d 255, 258 (1996).

Second, Antonetti attributed the delay in filing to the failure to inform him of the status of his direct appeal. The record does not repel this assertion. It is unclear when Antonetti learned that his judgment of conviction had been affirmed or whether he could have reasonably learned of the denial at an earlier time. This information is critical to ascertain whether a petition could have reasonably met the stringent deadline imposed by NRS 34.726 given that a petitioner is not likely to pursue postconviction relief while he reasonably believes his direct appeal is pending. *See Hathaway*, 119 Nev. at 254, 71 P.3d at 507. As the record is unclear when Antonetti learned or should have learned of the resolution of his direct appeal, an evidentiary hearing is necessary to determine whether he actually believed his direct appeal was still pending when he filed this petition and whether that belief was objectively reasonable.

Therefore, we reverse the district court's decision to deny this good cause claim without conducting an evidentiary hearing.

*November 2014 supplement*

As to the claims related to the Smith judgment asserted in the 2014 supplemental petition, we conclude that the district court erred in denying these claims for the reasons discussed above.

Having considered Antonetti's claims and concluded that remand is necessary for the purpose of determining whether Antonetti established good cause to excuse his delay in asserting claims related to the Smith judgment, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Jessie Elizabeth Walsh, District Judge
     Joseph Antonetti
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

[5]We have considered all pro se documents filed or received in this matter. We conclude that appellant is only entitled to the relief described herein.