OPINION
By the Court,
Leavitt, J.:
Nevada Highway Patrol Trooper Lt. Todd Ellison and an investigator from the Nevada Division of Investigation were riding together on patrol as part of “Desert Hoax,” a multi-agency criminal interdiction operation. Ellison received a call from another investigator from the division that a vehicle had failed to stop at a stop sign at the bottom of the northbound overpass off-ramp of Interstate 15 in Clark County. Ellison was in hill uniform and driving a marked Nevada Highway Patrol vehicle.
Ellison stopped the 1988 Buick with California plates and approached the driver, respondent Jessie Johnson. Respondent Lashawn Johnson was the sole passenger in the automobile. The trooper asked Jessie for his driver’s license, registration and insurance. He ran a check on the license, examined the other documents given to him by respondent Jessie Johnson, and gave him a verbal warning rather than a citation.
The trooper asked the purpose of Jessie’s trip. He replied that he was going to Montana to do carpentry work with some of his relatives and stated that he had his tools in the trunk and that Ellison could go ahead and look in the trunk to see the tools. Ellison asked Jessie whether he had any guns in the vehicle. Jessie made eye contact with Ellison and stated, “No.” Jessie was asked *80 if he had any alcohol, and Jessie continued making eye contact and said, “No.” Ellison asked Jessie if he had any drugs in the car. Jessie averted his gaze, looked back to the car, dropped his head, and said, “No, you can go ahead and look.” The trooper also testified that he asked Jessie if he could search the vehicle and Jessie replied, “Yes.”
Rosell Owens, a trooper with twenty-one years’ experience as an officer and who had conducted thousands of vehicle searches, arrived to conduct the search of the vehicle. He was in full uniform and driving a Nevada Highway Patrol vehicle. He began by searching the trunk where he observed a toolbox and some tools. He searched the backseat area by pulling the backseat out of the car and placing it on the passenger side of the front seat. He then pulled up the carpet in the backseat area.
Owens searched the front seat and the dashboard areas. On the dashboard area just below the glove box, Owens noted that the screws on a panel were not the type of black screws that are normally used in automobiles, but were shiny, non-factory screws. He removed three screws directly below the hinge of the glove box, a panel dropped and Owens recovered three bindles of narcotics. Owens then searched the rest of the car but did not find any other area which would indicate any concealment. The entire search took less than ten minutes. The sole issue before this court is whether the district court erred in determining that the search in this case exceeded the scope of consent and in granting the motion to suppress evidence.[1]
The district court granted a motion to suppress the evidence on the grounds that a reasonable person would not have understood his general consent to search a car for drugs, alcohol or weapons would authorize the officer to remove screws and pry a panel from the vehicle.
Findings of fact in a suppression hearing will not be disturbed on appeal if supported by substantial evidence. See Rice v. State, *81 113 Nev. 425, 427, 936 P.2d 319, 320 (1997) (citing Tomarchio v. State, 99 Nev. 572, 575, 665 P.2d 804, 806 (1983)). Further, a district court’s findings are reviewed under a deferential standard. See Hayes v. State, 106 Nev. 543, 550 n.1, 797 P.2d 962, 966 n.1 (1990).
“[A] waiver and consent, freely and intelligently given, converts a search and seizure which otherwise would be unlawful into a lawful search and seizure.” State v. Plas, 80 Nev. 251, 254, 391 P.2d 867, 868 (1964). “[T]he voluntariness of [a] consent must be proved by the [s]tate by clear and convincing evidence.” Lightford v. State, 90 Nev. 136, 139, 520 P.2d 955, 956 (1974). “[A] court must distinguish between the peaceful submission by the arrested suspect to the authority of a law enforcement officer, from an intelligent and intentional waiver of a constitutional right.” Thurlow v. State, 81 Nev. 510, 515, 406 P.2d 918, 921 (1965). “Whether in a particular case an apparent consent to search without a warrant was voluntarily given is a question of fact.” Pías, 80 Nev. at 253, 391 P.2d at 868.
Any search must be limited to the terms of the consent and “[w]hether the scope of consent has been exceeded is a factual question to be determined by examining the totality of the circumstances.” Canada v. State, 104 Nev. 288, 291, 756 P.2d 552, 553 (1988). “This court is not a fact finding tribunal; that function is best performed by the district court.’ ’ Zugel v. Miller, 99 Nev. 100, 659 P.2d 296 (1983). The trial court is much better equipped to resolve the weight and credibility of witnesses.
The district court examined the scope of the consent and concluded the consent to search did not include the right to dismantle the car, citing State v. Arroyo-Sotelo, 884 P.2d 901, 905 (Or. Ct. App. 1994). If Jessie did voluntarily consent to a search, would he have consented to the dismantling of his automobile? Innocent citizens must not be stopped on the pretext of a traffic violation and have their automobiles dismantled when a police officer has nothing more than a “hunch” that contraband may be present. Should we allow law enforcement to treat the Fourth Amendment as an obstacle to overcome rather than recognizing the rights of our citizens to be free from unreasonable searches and seizures?
There was no clear and convincing evidence Jessie consented to the dismantling of the car or that he voluntarily gave up his constitutional right. Instead, he merely submitted to authority.
*82 There was substantial evidence to support the district court’s ruling and we defer to the court’s findings. The order of the district court suppressing the evidence obtained during the search is affirmed.
Rose, C. J., concurs.

For the purposes of resolution of the issues before the court, we assume that Lashawn had a privacy interest sufficient to allow his challenge to the evidence obtained during the search. However, we note that this is a dubious assumption given the evidence in the record. Cf. McKee v. State, 112 Nev. 642, 645, 917 P.2d 940, 942 (1996) (a non-owner driver lacks standing to challenge a vehicle search when the owner of the car is present at the time of the search). Jessie is the registered owner of the searched vehicle. Further, Lashawn’s attorney argued at the hearing on the motion to suppress, “Mr. Johnson was a passenger in the vehicle. He was merely present in this vehicle. He has no possessory interest in this vehicle at all.” We question the state’s failure to address the issue in response to the district court’s expression of concern regarding Lashawn’s standing. However, because our resolution of the issue is not necessary to proper resolution of this case, we decline to address it.