133 P.3d 934 (2006)
156 Wash.2d 875
STATE of Washington, Respondent,
v.
Rodin PUNSALAN, Appellant.
State of Washington, Respondent,
v.
Chayce Arden Hanson, Appellant.
No. 77490-1, 77491-9.
Supreme Court of Washington, En Banc.
Argued February 16, 2006.
Decided May 4, 2006.
Juanita E. Holmes, Steven Witchley, Jeffrey Erwin Ellis, Ellis Holmes & Witchley PLLC, Seattle, Mark Wayne Prothero, Hanis Greaney, PLLC, Kent, for Petitioner/Appellant.
Daniel W. Ferm, Sheryl Denise Johnson Willert, Williams Kastner & Gibbs PLLC, Randi J. Austell, Attorney at Law, King Co. Prosecuting Attorney, Seattle, for Appellee/Respondent.
SANDERS, J.
¶ 1 Rodin Punsalan and Chayce Arden Hanson are indigent criminal defendants represented by private counsel. Both request necessary expert assistance under CrR 3.1(f). The King County Office of Public Defense (KCOPD) denied their requests, concluding CrR 3.1(f) does not entitle indigent criminal defendants represented by private counsel to necessary expert assistance. The Superior Court of King County affirmed KCOPD's decisions. The Court of Appeals, Division One, consolidated the cases and certified them to this court. We hold CrR 3.1(f) does entitle indigent criminal defendants represented by private counsel to necessary expert assistance. Accordingly, we reverse the trial court and remand for proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
¶ 2 King County offers indigent criminal defendants assistance of counsel through the KCOPD, which administers all King County funds appropriated for indigent defense. King County Code, ch. 2.60. On January 1, 1996, the King County Superior Court delegated its authority to approve requests for expert assistance under CrR 3.1(f) to the KCOPD. King County Local Criminal Rules, Rule LCrR 3.1(f).

STATE V. PUNSALAN
¶ 3 Rodin Punsalan is charged with first degree robbery. Punsalan qualifies as indigent *935 under RCW 10.101.010(1), and would be entitled to an appointed lawyer if he sought one. The KCOPD concedes Punsalan needs expert assistance.
¶ 4 Punsalan's parents retained a private law firm to represent him. Their fee agreement expressly excluded expert assistance, if necessary to provide an adequate defense. The private law firm requested $2,100 under CrR 3.1(f)(1) to conduct a psychological evaluation. Mistakenly believing the judge orally granted the request for expert assistance, the KCOPD approved it. After learning of its error, the KCOPD did not seek to withdraw approval.
¶ 5 The law firm then requested $6,000 to retain two New York psychologists. KCOPD denied the request when submitted, and again when resubmitted as a supplemental motion. The trial judge affirmed KCOPD's decision, holding Punsalan forfeited any right to expert assistance at public expense by retaining private counsel. The trial court did not determine whether the requested expert services were necessary or reasonable. On June 15, 2004, Punsalan filed a motion for discretionary review in the Court of Appeals, Division One. On August 3, 2004, the commissioner of Division One granted review under RAP 2.3(b)(2).

STATE V. HANSON
¶ 6 Chayce Hanson is charged with manslaughter. His mother retained a private lawyer on his behalf for $10,000. Hanson requested $6,000 to retain a forensic pathologist. The KCOPD denied Hanson's request. Hanson appealed the KCOPD's decision to the trial court. The trial court found Hanson indigent and the expert assistance necessary, but denied Hanson's request because he retained private counsel independent of KCOPD. Hanson sought discretionary review and consolidation with Punsalan.

CONSOLIDATED PROCEEDINGS
¶ 7 On July 28, 2005, a panel of the Court of Appeals, Division One, consolidated Punsalan and Hanson. It certified the consolidated cases to the Supreme Court under RCW 2.06.030(d) as a "fundamental and urgent issue[] of broad public import requiring prompt and ultimate determination." The Supreme Court Commissioner accepted certification on August 5, 2005.

STANDARD OF REVIEW
¶ 8 The construction of a court rule is a question of law reviewed de novo. Nevers v. Fireside, Inc., 133 Wash.2d 804, 809, 947 P.2d 721 (1997).

ANALYSIS

I. CrR 3.1(f) Entitles Indigent Criminal Defendants Represented by Private Counsel to Necessary Expert Assistance.
¶ 9 The Sixth Amendment right to effective assistance of counsel includes expert assistance necessary to an adequate defense. See Ake v. Oklahoma, 470 U.S. 68, 72, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). Washington discharges its obligation to provide indigent criminal defendants necessary expert assistance under CrR 3.1(f). See State v. Kelly, 102 Wash.2d 188, 201, 685 P.2d 564 (1984) (holding CrR 3.1(f)(1) "incorporates constitutional requirements"). Under CrR 3.1(f)(1), "a defendant is entitled to the appointment of experts if financially unable to obtain them and if the services are necessary to the defense." State v. Hoffman, 116 Wash.2d 51, 90, 804 P.2d 577 (1991).
¶ 10 The plain language of CrR 3.1(f) makes no distinction between appointed and private counsel. It provides in relevant part:
(1) A lawyer for a defendant who is financially unable to obtain investigative, expert, or other services necessary to an adequate defense in the case may request them by a motion to the court.
(2) Upon finding the services are necessary and that the defendant is financially unable to obtain them, the court, or a person or agency to whom the administration of the program may have been delegated by local court rule, shall authorize the services.
CrR 3.1(f)(1)-(2). Plain language "`does not require construction.'" State v. Delgado, 148 Wash.2d 723, 727, 63 P.3d 792 (2003) (quoting State v. Wilson, 125 Wash.2d 212, 217, 883 *936 P.2d 320 (1994)). And nothing in CrR 3.1(f)(1)-(2) indicates any intention to deny expert assistance to indigent criminal defendants who manage to obtain pro bono representation or partially fund their own defense.
¶ 11 Indeed, CrR 3.1 expressly contemplates the likelihood of indigent criminal defendants partially funding their own defense. "The ability to pay part of the cost of a lawyer shall not preclude assignment. The assignment of a lawyer may be conditioned upon part payment pursuant to an established method of collection." CrR 3.1(d)(2). Unsurprisingly, the State encourages criminal defendants to contribute to the cost of their defense whenever possible.
¶ 12 Additionally, guaranteeing expert assistance to indigent criminal defendants represented by private counsel is a sensible policy. It poses little risk of abuse because evaluation of the necessity of requested expert assistance to an adequate defense would remain within the discretion of the trial judge. See State v. Hoffman, 116 Wash.2d 51, 90, 804 P.2d 577 (1991). It supports the qualified right of criminal defendants to representation by the lawyer of their choice. See Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988) (holding Sixth Amendment supports "the right to select and be represented by one's preferred attorney"). And it encourages criminal defendants to defray the cost of their defense, conserving limited state resources.

CONCLUSION
¶ 13 Indigent criminal defendants represented by private counsel are entitled to expert assistance necessary to an adequate defense under CrR 3.1(f). We reverse the trial courts and remand for proceedings consistent with this opinion.
Concurring: ALEXANDER, C.J., C. JOHNSON, MADSEN, BRIDGE, CHAMBERS, OWENS, FAIRHURST and J.M. JOHNSON, JJ.