THE STATE OF NEVADA, Appellant, v. DAVID JOHN RUSCETTA, Respondent.

No. 47047

August 2, 2007                                    163 P.3d 451

*Catherine Cortez Masto*, Attorney General, Carson City; *David J. Roger*, District Attorney, and *Frank J. Coumou* and *James Tufteland*, Chief Deputy District Attorneys, Clark County, for Appellant.

*Philip J. Kohn*, Public Defender, and *Violet R. Radosta*, Deputy Public Defender, Clark County, for Respondent.

Before the Court EN BANC.[1]

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we clarify the test for determining the scope of consensual vehicular searches. In doing so, we revisit our decision in *State v. Johnson*,[2] where a majority of the court concluded that dismantling a vehicle glove box exceeds the scope of general consent to search a vehicle and is therefore unreasonable. We now clarify that the proper test in cases involving consensual vehicular searches is one that examines the totality of the circumstances for objective reasonableness.

Although the district court applied the proper test in this case, it failed to hold an evidentiary hearing or make written factual

---

[1]THE HONORABLE NANCY M. SAITTA, Justice, voluntarily recused herself from participation in the decision of this matter.

[2]116 Nev. 78, 993 P.2d 44 (2000).

findings. Accordingly, we vacate the district court's order and remand this case for further proceedings consistent with this opinion.

## FACTS

While on patrol, two Las Vegas Metropolitan Police Officers stopped respondent David John Ruscetta's car after observing him make an illegal right turn. A records check revealed that Ruscetta was driving on a suspended license and had two outstanding warrants.[3] One of the officers asked Ruscetta to exit the vehicle. Once outside, Ruscetta consented to a search of his person, which revealed no evidence.

Ruscetta later freely consented to a search of his vehicle.[4] Upon entering the driver side of the car, the inspecting officer noticed that someone had previously removed the air conditioning vents, ashtray, and center console. Additionally, the officer detected an odor that, through his experience and training, he knew to be marijuana. After moving to the passenger side of the vehicle, the officer placed his right hand on the center console, which shifted towards the driver's seat.[5] Underneath the console, the officer found three plastic baggies containing marijuana and a handgun.

The officers arrested Ruscetta. At that time, a third officer arrived and read Ruscetta his *Miranda* rights. Ruscetta waived his right to remain silent and explained that he had bought the marijuana at a local convenience store a few hours before the stop and that an acquaintance had given him the handgun for personal protection a few months earlier. After the officers finished interviewing Ruscetta, they transported him to the Clark County Detention Center for booking. The officers then impounded Ruscetta's car and performed an inventory search.

Several months later, the State filed an information charging Ruscetta with three crimes: possession of a controlled substance with intent to sell, unlawful possession of a firearm, and possession of a firearm by an ex-felon. After waiving his right to a preliminary hearing, Ruscetta filed a motion to suppress the evidence found during the search of his vehicle. The district court held a brief hearing on Ruscetta's motion at which the parties did not present any witness testimony. The only evidence submitted to the

---

[3]One warrant was for a traffic-related offense out of Boulder City; the other was for petit larceny out of Henderson. In addition, the records check revealed that Ruscetta was convicted in 1995 for possession of marijuana.

[4]Ruscetta has never challenged the voluntariness of his consent and the record does not reveal any limitations on his consent, except that the search was specifically for weapons and narcotics.

[5]The parties dispute whether this initial "shifting" of the center console was inadvertent or intentional. The district court did not make findings on this issue.

district court was the official police report documenting the search. After listening to the arguments of counsel, the district court granted Ruscetta's motion. Based on the totality of the circumstances, the district court determined that the movement of the center console went beyond the scope of Ruscetta's consent. In making this determination, the district court relied in part upon this court's prior decision in *Johnson*.[6] The district court then granted Ruscetta's oral motion to dismiss for lack of evidence. This appeal followed.

## DISCUSSION

At issue in this appeal is the scope of consensual vehicular searches. The State argues that the inspecting officer did not exceed the scope of Ruscetta's consent when the officer moved the unsecured center console of Ruscetta's vehicle.

Although we take this opportunity to clarify *Johnson* and the law surrounding consensual vehicular searches, we are unable to reach the issue of whether the search in this case exceeded the scope of Ruscetta's consent because the district court did not hold an evidentiary hearing or make written factual findings.[7] Accordingly, we vacate the district court's order granting Ruscetta's motion to suppress and remand this case for further proceedings consistent with this opinion.

" 'The touchstone of the Fourth Amendment is reasonableness.' "[8] While warrantless searches are presumptively unreasonable under the Fourth Amendment, "consent exempts a search from probable cause and warrant requirements."[9] Thus, "waiver and consent, freely and intelligently given, converts a search and seizure which otherwise would be unlawful into a lawful search and seizure."[10]

The scope of consent is determined by examining the totality of the circumstances.[11] Relevant considerations with respect to the

---

[6]116 Nev. 78, 993 P.2d 44 (concluding that a reasonable person would not have understood his general consent to search a car as authorizing an officer to remove screws and pry a panel from the vehicle).

[7]*State v. Rincon*, 122 Nev. 1170, 1176-77, 147 P.3d 233, 237-38 (2006); *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005).

[8]*Rincon*, 122 Nev. at 1175, 147 P.3d at 236 (quoting *Florida v. Jimeno*, 500 U.S. 248, 250 (1991)).

[9]*Herman v. State*, 122 Nev. 199, 204, 128 P.3d 469, 472 (2006).

[10]*State v. Plas*, 80 Nev. 251, 254, 391 P.2d 867, 868 (1964).

[11]*Johnson*, 116 Nev. at 81, 993 P.2d at 46.

scope of consent include "any express or implied limitations regarding the time, duration, area, or intensity of police activity necessary to accomplish the stated purpose of the search, as well as the expressed object of the search."[12] As explained by the United States Supreme Court in *Florida v. Jimeno*, "[t]he standard for measuring the scope of a suspect's consent under the Fourth Amendment is that of 'objective' reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?"[13] Applying this standard, "[t]he Fourth Amendment is satisfied when, under the circumstances, it is objectively reasonable for the officer to believe that the scope of the suspect's consent permitted him [to perform the action in question]."[14]

In *Johnson*, this court addressed whether a police officer exceeded the scope of a suspect's consent to search when he removed nonfactory screws from below the glove box of the suspect's vehicle, causing a panel to drop and revealing several packages of narcotics.[15] In two separate opinions, a four-justice majority concluded that the removal of nonfactory screws constituted an unreasonable "dismantling" of the suspect's vehicle. According to the lead *Johnson* opinion, "[i]nnocent citizens must not be stopped on the pretext of a traffic violation and have their automobiles dismantled when a police officer has nothing more than a 'hunch' that contraband may be present."[16] Similarly, the concurring justices suggested that "[t]he rule enunciated in *Jimeno* requires an inquiry as to whether it is objectively reasonable to construe the consent to search the vehicle in this case to include consent to dismantle the vehicle."[17] In the concurring justices' view, no reasonable officer could have believed that, under the circumstances presented, the defendant granted permission "to remove a backseat, pull up carpeting, or remove screws from a panel below a glove box."[18]

To the extent that it is possible to read the lead and concurring opinions in *Johnson* as supporting the proposition that "dismantling" a car based on general consent is *per se* unreasonable, we retreat from that position. We take this opportunity to clarify that the proper analysis in cases involving consensual vehicular

---

[12]*State v. Troxell*, 78 S.W.3d 866, 871 (Tenn. 2002) (citation omitted).

[13]500 U.S. at 251.

[14]*Id.* at 249.

[15]116 Nev. at 80, 993 P.2d at 45.

[16]*Id.* at 81.

[17]*Id.* at 82, 993 P.2d at 46 (AGOSTI, J., concurring).

[18]*Id.* at 84, 993 P.2d at 48.

searches is the traditional "totality of the circumstances" approach enunciated in *Jimeno*.[19] When applying this "totality of the circumstances" test, courts must address whether an objectively reasonable officer would have believed that the scope of the suspect's consent permitted the action in question, not whether there has been a "dismantling" of the vehicle.[20]

In this case, the district court purportedly granted Ruscetta's motion based on the totality of the circumstances. However, the district court merely listened to arguments made by counsel and did not hold an evidentiary hearing that included the examination of witnesses. In addition, the district court did not make any written findings of fact with respect to the inspecting officer's conduct during the search of the center console. Instead, the court merely stated, "I'm not sure from the report whether or not [the officer] . . . first noticed it unfastened, it moved when he got into the car, was about the car in some way, or actually when the shift occurred or what caused the shift to occur."

Because the court failed to make findings with respect to the nature of the search of the center console, "the record is insufficient to effectively review the district court's decision granting the motion to suppress."[21] Although certain facts may be inferred from the district court's ruling, "[we] decline to speculate about the factual inferences drawn by the district court."[22]

In the past, we have repeatedly "advised district courts to issue express factual findings when ruling on suppression motions so that this court [does] not have to speculate as to what findings were made below."[23] This court does not act as fact-finder and is unable to make the necessary factual findings in this case. We therefore

---

[19]500 U.S. 248, 249-51 (1991).

[20]*Id.* at 249. Here, the officer had complete authority to search Ruscetta's vehicle in a reasonable manner. *See U.S. v. Patterson*, 97 F.3d 192, 195 (7th Cir. 1996) ("If the appellant had intended to limit the scope of his consent in any manner, the burden was upon him to do so."); *U.S. v. Snow*, 44 F.3d 133, 136 (2d Cir. 1995) (concluding that "an individual who consents to a search of his car should reasonably expect that readily-opened containers discovered inside the car will be opened and examined"); *U.S. v. Strickland*, 902 F.2d 937, 941 (11th Cir. 1990) ("When an individual gives a general statement of consent without express limitations, the scope of a permissible search is not limitless. Rather it is constrained by the bounds of reasonableness: what a police officer could reasonably interpret the consent to encompass."). As explained by the Second Circuit Court of Appeals, "the term 'search' implies something more than a superficial, external examination. It entails 'looking through,' 'rummaging,' 'probing,' 'scrutiny,' and 'examining internally.'" *Snow*, 44 F.3d at 135.

[21]*State v. Rincon*, 122 Nev. 1170, 1176, 147 P.3d 233, 237 (2006).

[22]*Id.* at 1177, 147 P.3d at 238.

[23]*Id.*; *Rosky v. State*, 121 Nev. 184, 191, 111 P.3d 690, 695 (2005).

vacate the district court's order granting Ruscetta's motion to suppress and remand the case to the district court for additional proceedings.[24]

On remand, "[t]he district court should apply the clarified standards set forth in this opinion and enter written findings of fact and conclusions of law. Once written factual findings are entered, they will be entitled to deference on appeal and will not be overturned by this court if supported by substantial evidence."[25]

## CONCLUSION

We take this opportunity to clarify our decision in *Johnson* and conclude that the proper analysis in cases involving consensual vehicular searches is a traditional objective reasonableness approach, which requires an examination of the totality of the circumstances.

In this case, the district court based its conclusion on the totality of the circumstances but it failed to hold an evidentiary hearing or make written factual findings with respect to the inspecting officer's conduct during the search of Ruscetta's vehicle. Consequently, we vacate the order of the district court and remand this matter for additional proceedings consistent with this opinion.[26]

MAUPIN, C. J., GIBBONS, HARDESTY, DOUGLAS and CHERRY, JJ., concur.

◼

---

[24]*See Rincon*, 122 Nev. at 1177, 147 P.3d at 238.

[25]*Id.* Moreover, "[w]e emphasize that the district court is in the best position to adjudge the credibility of the witnesses and the evidence, and 'unless this court is left with the definite and firm conviction that a mistake has been committed,' this court will not second-guess the trier of fact." *Id.* (quoting *State v. McKellips*, 118 Nev. 465, 469, 49 P.3d 655, 658 (2002)).

[26]This opinion constitutes our final resolution of this appeal. Any future appeal following remand shall be docketed as a new and separate proceeding.