An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEMAR ANTONIO GANT,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62102

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of felon in possession of a firearm. Eighth Judicial District Court, Clark County; Carolyn Ellsworth, Judge.

First, appellant Lemar Antonio Gant contends that insufficient evidence supports his conviction. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A defendant is in constructive possession of contraband if he "maintains control or a right to control the contraband," even if he does not have exclusive control over the hiding place. *Glispey v. Sheriff*, 89 Nev. 221, 223-24, 510 P.2d 623, 624 (1973). Here, the jury heard testimony that Gant, a felon, consented to a search of the vehicle he was driving. The search uncovered a firearm hidden next to the engine block of the vehicle and a DNA profile obtained from the firearm was consistent with Gant's within a statistical probability of one in 10.3 million. Based upon this evidence, we conclude that a rational juror could have found that Gant had constructive possession of the firearm. *See* NRS 202.360(1)(a); *see also Buchanan v. State,* 119 Nev. 201,

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27865

217, 69 P.3d 694, 705 (2003) (circumstantial evidence is sufficient to support a conviction).

Second, Gant contends that the justice court erred at the preliminary hearing by sustaining the State's objection to a question of the firearm's owner regarding her knowledge of who stole the firearm. Because any deficiencies in the preliminary hearing were cured when Gant was convicted under a higher burden of proof, we conclude that any error was harmless and he is not entitled to relief on this claim. *See Dettloff v. State*, 120 Nev. 588, 596, 97 P.3d 586, 591 (2004).

Third, Gant contends that the district court erred by denying his motion to suppress because the district court erroneously considered the fact that his DNA was linked to the firearm recovered from the search when determining whether his claim that he did not consent to the search was credible. We review a district court's legal conclusions regarding a motion to suppress de novo and its factual findings for clear error. *Lamb*, 127 Nev. at ___, 251 P.3d at 703. The district court conducted an evidentiary hearing and found the police officer's testimony that Gant consented to a full search of the vehicle more credible than Gant's testimony to the contrary. Although any consideration of the DNA match when assessing Gant's credibility was improper because it presupposed his guilt, the district court relied upon other valid factors in making its determination and we decline to disturb its face-to-face decision that the officer was more credible than Gant, *see Howard v. State*, 106 Nev. 713, 722, 800 P.2d 175, 180 (1990), *abrogation on other grounds recognized by Harte v. State*, 116 Nev. 1054, 1072 n.6, 13 P.3d 420, 432 n.6 (2000). We conclude that the district court did not err by denying the defendant's

motion. *See State v. Ruscetta,* 123 Nev. 299, 302-03, 163 P.3d 451, 454 (2007).

Fourth, Gant contends that he was subjected to an illegal and pretextual stop because none of the factors upon which the stop was based were valid. Because Gant did not raise this claim below, we review for plain error. *See Lamb v. State,* 127 Nev. ___, ___, 251 P.3d 700, 703 (2011). A police officer's decision to effectuate a traffic stop need only be supported by reasonable suspicion. *United States v. Lopez-Soto,* 205 F.3d 1101, 1104-1105 (9th Cir. 2000); *State v. Rincon,* 122 Nev. 1170, 1173, 147 P.3d 233, 235 (2006). The district court found credible the police officer's testimony at the evidentiary hearing that Gant failed to use his turn signal and that it appeared Gant's license plate was illegally displayed. As stated, we decline to disturb the district court's credibility determination. Because the police officer observed sufficient facts to support his decision to investigate further, we conclude Gant fails to demonstrate plain error. *See Gama v. State,* 112 Nev. 833, 836, 838, 920 P.2d 1010, 1012, 1014 (1996).

Fifth, Gant contends that the DNA analysis was improperly performed and the processing technician's testimony was prejudicial. Because Gant did not object below, we review these claims for plain error. *See Lamb,* 127 Nev. at ___, 251 P.3d at 703. Gant was given a full opportunity to cross-examine the DNA technician regarding her testing procedures and her statement that Gant's DNA matched that recovered from the firearm; therefore, we conclude that he fails to demonstrate plain error. *See Rodriguez v. State,* 128 Nev. ___, ___, 273 P.3d 845, 851 (2012) (as long as testimony regarding DNA testing is relevant, "any danger of unfair prejudice or of misleading the jury is substantially outweighed by

the defendant's ability to cross-examine or offer expert witness evidence as to probative value").

Having considered Gant's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Carolyn Ellsworth, District Judge
Carl E. G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Although we filed the fast track statement submitted by Gant, it fails to comply with the Nevada Rules of Appellate Procedure because it does not contain 1-inch margins on all four sides, *see* NRAP 3C(h)(1); NRAP 32(a)(4), and is not paginated, *see* NRAP 3C(e)(2)(C); NRAP 30(c). We caution Gant's counsel, Carl Arnold, that future failure to comply with the requirements when filing briefs with this court may result in the imposition of sanctions. *See* NRAP 3C(n); *Smith v. Emery*, 109 Nev. 737, 743, 856 P.2d 1386, 1390 (1993).