An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT C. CRACIUN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63068

**FILED**

OCT 17 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of possession of a controlled substance with intent to sell. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Robert Craciun contends that the district court erred by denying his motion to suppress evidence discovered after an unconstitutional stop and search. When determining whether the district court correctly denied a motion to suppress, this court reviews findings of fact for clear error and the legal consequences of those facts de novo. *State v. Lisenbee*, 116 Nev. 1124, 1127, 13 P.3d 947, 949 (2000).

During the various proceedings, police officers testified that they observed Craciun and a passenger drive into a housing project known to be a high crime area—specifically for drug-related activity—in a newer model vehicle with handicapped license plates.[1] The officers, who

---

[1]The Honorable Valorie Vega considered and denied Craciun's first motion to suppress made prior to trial, apparently relying upon facts elicited during the grand jury proceeding. Craciun failed to provide

*continued on next page . . .*

13-31169

frequently worked in the area, did not recognize Craciun and when they ran his license plate they learned the vehicle was not registered to the complex. Craciun exited the vehicle and did not appear to be elderly or disabled. He approached the back doors of various residences and peered through the windows rather than knocking. He then lingered between the buildings while frequently looking over his shoulder and talking on his cell phone. At this point, an officer approached Craciun and asked to speak with him. Based upon the officer's observations, which he interpreted as consistent with trespassing and drug-related activity, he performed a pat-down for weapons. After feeling an item that was not a weapon, he asked Craciun if he could perform a full search. Craciun consented, and drugs were recovered.

First, Craciun contends that the district court erred by denying his motion to suppress because (1) law enforcement lacked reasonable suspicion to believe that he was engaged in drug-related or other criminal activity, and (2) at most, law enforcement could only reasonably have suspected that he was trespassing and it is unconstitutional to seize a person for such a minor crime.

An officer may briefly seize a suspect if he has "reasonable articulable suspicion that the suspect has committed, is committing or is

—————————————

. . . continued

transcripts from the grand jury proceeding. The Honorable Stefanie Miley considered and denied Craciun's second motion to suppress made during trial. It is unclear which order Craciun challenges on appeal; however, we have reviewed and considered the transcripts of each proceeding, including those provided by the State, in making our determination and have summarized the courts' findings.

about to commit a crime." *Somee v. State*, 124 Nev. 434, 442, 187 P.3d 152, 158 (2008) (internal quotation marks omitted); *see also* NRS 171.123(1). Here, the officer supported his decision to engage Craciun and briefly detain him with specific facts that, based upon his experience and training, he inferred as consistent with criminal activity–facts that may have been innocent in isolation "but which taken together warranted further investigation." *Terry v. Ohio*, 392 U.S. 1, 22 (1968). Craciun's detention was limited in scope and reasonable in the light of the public interest and Craciun's right to be free of government interference. *See* NRS 171.123(4); *Pennsylvania v. Mimms*, 434 U.S. 106, 109 (1977). Having considered the totality of the circumstances, we conclude that the district court did not err by denying Craciun's motion to suppress on these grounds.

Second, Craciun contends that the district court erred by denying his motion to suppress because neither the pat-down nor the subsequent full search were supported by reasonable suspicion. A pat-down for weapons is constitutionally sound so long as "a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Terry*, 392 U.S. at 27. Here, the officer reasonably suspected that Craciun was engaging in criminal activity and nothing about Craciun's behavior after the initial encounter "gave him sufficient reason to negate that hypothesis." *Id.* at 28. The officer also testified that the area was notorious for violent activity, including drug sales, and that he was separated from his partner. These facts support the officer's belief that a pat-down was warranted. *See* NRS 171.1232(1); *Somee*, 124 Nev. at 442, 187 P.3d at 158 (reasonable articulable suspicion of drug-related activity is a relevant consideration in

determining whether a pat-down is warranted). Because the pat-down complied with constitutional parameters and Craciun consented to the subsequent full search which uncovered the drugs, *see State v. Ruscetta*, 123 Nev. 299, 302, 163 P.3d 451, 454 (2007), we conclude that the district court did not err by denying his motion to suppress on this ground.

Having considered Craciun's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Hardesty

_____ J.
Parraguirre

_____, J.
Cherry

cc: Hon. Stefany Miley, District Judge
Jonathan L. Powell
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]Craciun's fast track statement does not comply with the Nevada Rules of Appellate Procedure because it fails to contain adequate citation to the record, *see* NRAP 3C(e)(1)(C), and does not contain one-inch margins on all sides, *see* NRAP 3C(h)(1); NRAP 32(a)(4). The appendix to Craciun's fast track statement does not comply with the Nevada Rules of Appellate Procedure because it does not contain all necessary transcripts. *See* NRAP 3C(d)(3)(C). The State's fast track response fails to comply with the Nevada Rules of Appellate procedure because it is not double-spaced. *See* NRAP 3C(h)(1); NRAP 32(a)(4). We caution counsel for both parties that future failure to comply with the applicable rules when filing briefs in this court may result in the imposition of sanctions. *See* NRAP 3C(n).