# IN THE SUPREME COURT OF THE STATE OF NEVADA

FRANCISCO MURATALLA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 81638

FILED

SEP 3 0 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order revoking probation and an amended judgment of conviction. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant Francisco Muratalla argues that the district court abused its discretion in revoking his probation because it relied on evidence that should have been suppressed, as it was derived from unconstitutional searches. Revocation of probation is within "the trial court's broad discretionary power and such an action will not be disturbed in the absence of a clear showing of abuse of that discretion." *Lewis v. State*, 90 Nev. 436, 438, 529 P.2d 796, 797 (1974). As this court has explained, an order revoking probation need not be supported by evidence beyond a reasonable doubt. *Id.* Rather, "[t]he evidence and facts must reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation." *Id.*.

As a condition of Muratalla's probation, he was given a curfew requiring him to be at his listed residence between 7:00 p.m. and 7:00 a.m. every night. In addition, he agreed to the following search condition: "You shall submit your person, place of residence, vehicle or areas under your control to search including electronic surveillance or monitoring of your

21-28117

location, at any time, with or without a search warrant or warrant of arrest, for evidence of a crime or violation of probation by the Division of Parole and Probation or its agent."

Parole and Probation (P&P) officers conducted a home visit at Muratalla's listed residence after his 7:00 p.m. curfew. The person who answered the door stated that Muratalla no longer lived there. The P&P officers then went to Muratalla's father's home and asked if Muratalla was there. Muratalla exited the home, and the P&P officers detained him. The officers performed a safety sweep of the home and observed in plain view indicia that Muratalla was living at his father's home. The P&P officers then invoked Muratalla's search clause. They found $814 in cash, glass smoking pipes, bags and packing material, a scale, and 2.4 grams of presumed heroin. Based on these findings, accompanying LVMPD officers arrested Muratalla for possession of a controlled substance with intent to sell.

Muratalla moved to suppress the drug evidence at his preliminary hearing, but the presiding judge denied that motion. Subsequently, a different judge conducted the revocation hearing, admitted the preliminary hearing transcript as evidence of Muratalla violating his curfew and committing a new felony, revoked his probation, and imposed the incarceration sentence that was suspended pursuant to his original judgment of conviction.[1] Muratalla argues that the safety sweep and the probation search were both unconstitutional. Thus, he asserts, the evidence

[1]Because the district court admitted the preliminary hearing transcript in the probation revocation hearing, we necessarily refer to evidence presented at the preliminary hearing, although in this matter Muratalla challenges only the probation revocation.

found in those searches should have been excluded from the probation revocation proceedings. "In reviewing a district court's resolution of a motion to suppress, we review its factual findings for clear error and its legal conclusions de novo." *State v. Sample*, 134 Nev. 169, 171, 414 P.3d 814, 816 (2018).[2]

First, we consider the initial safety sweep. The court that presided over the preliminary hearing and the district court that conducted the revocation hearing both found that Muratalla's father had consented to the sweep based on the unrebutted testimony of the officers who were present. We observe no clear error in the finding that the testimony regarding consent to the search was credible and, thus, the search was not unjustified. *See State v. Ruscetta*, 123 Nev. 299, 302, 163 P.3d 451, 453-54 (2007) ("While warrantless searches are presumptively unreasonable under the Fourth Amendment, consent exempts a search from probable cause and warrant requirements." (internal quotation marks omitted)).

Next, we consider the propriety of the probation search. This court has noted that such searches must be justified by "reasonable grounds to believe that a violation of the parole or probation has occurred." *Seim v. State*, 95 Nev. 89, 94, 590 P.2d 1152, 1155 (1979). By the time the P&P officers invoked Muratalla's search clause, Muratalla was already in violation of his curfew and residency probation requirements. The district court found that those facts were sufficient to justify the invocation of the search clause, and this finding is not clearly erroneous. *See id.* (concluding

---

[2]This court has never decided whether the exclusionary rule applies to probation revocation hearings. As the parties do not dispute whether the rule applies and Muratalla has not shown an unconstitutional search, we need not resolve the issue in this appeal.

that "reasonable grounds to believe" is a low bar that may be met by a reasonable hunch held in good faith). We conclude that Muratalla has not shown that the district court erred in denying the suppression motion and, thus, has not shown that revocation was in error.

Lastly, Muratalla argues that the district court abused its discretion by revoking his probation because the State did not comply with NRS 176A.510, which limits the authority of a district court to revoke probation for technical violations. That statute does not apply here because Muratalla's arrest on the drug charge was not a "technical violation" under the express terms of the statute. *See* NRS 176A.510(7)(c)(1); NRS 453.337(2)(a). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Silver

cc:    Chief Judge, Eighth Judicial District Court
       Department 3, Eighth Judicial District Court
       Las Vegas Defense Group, LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk